GODFREY *v.* THE STATE.

A grocer having a license to retail spirituous liquors sold his grocery—agreeing that the buyer should have the benefit of the license. *Held*, that the license was not assignable, and that the buyer had no authority under it to retail spirituous liquors.

ERROR to the *Randolph* Circuit Court.

BLACKFORD, J.—Indictment. The charge is, that the defendant, at, &c., *on the first of January*, 1837, not having a license or permit to vend spirituous liquors by retail,—sold a half pint of whiskey to *Jesse Cartwright* for the sum of six cents, and which was not sold to the sick, &c. Plea, not guilty. The evidence adduced on the trial was as follows:— A license to keep a grocery for one year, at, &c., was obtained by one *Hart* on the *fifth of September*, 1836, who gave bond, &c. About the 25*th of December*, 1836, *Hart* sold his interest in the grocery to the defendant, agreeing that the defendant might sell under the said license, and that he, *Hart*, would be responsible on his said bond for the good order of the house. The defendant sold the whiskey at the time and

*Margin notes:*
May Term, 1839.

GODFREY
v.
THE STATE.

Wednesday,
May 29.

May Term, 1839.

place mentioned in the indictment. The cause was submitted to the Circuit Court, and a judgment rendered against the defendant.

There is no error in this judgment. The license to *Hart* was not assignable; and the defendant had no authority, under the circumstances, to sell the whiskey charged in the indictment.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Perry,* for the plaintiff.
*W. Quarles,* for the state.