## PICKENS v. THE STATE.

SELLING LIQUORS BY AGENT.—A person, duly licensed to retail intoxicating liquors, may conduct his business by an agent, and such agent will not be liable to prosecution for selling without license.

APPEAL from the *Bartholomew* Circuit Court.

DAVISON, J.—Indictment. The charge is that *Henry Pickens* on, &c., at, &c., did sell for one dime, barter for, and give away, two gills of intoxicating liquor, &c., he, the said *Henry*, not being licensed, &c. Motion to quash overruled. Plea, not guilty. Finding for the State. New trial refused, and judgment.

The facts are these: One *Nathaniel Martin*, in *September*, 1861, took out license to sell intoxicating liquors, in the same house in which the sales, charged in the indictment, were made. He, *Martin*, carried on the business of retailing intoxicating liquors, in that house, under his license, until *December*, 1861, when he enlisted in the *U. S.* army. In addition to retailing, &c., under his license, he also sold crackers, cheese, &c. *Martin* having entered the service of the *U. S.* as a volunteer soldier, his family continued to reside in the house, though not in the same room of the house, where the liquors were sold, until *May*, 1862. When *Martin* joined the army, *Pickens*, the defendant, took charge of the establishment for him, as his agent. The wife of *Martin*, who, with his and her family, resided in the house as aforesaid, continued to get from the grocery establishment, such articles as were useful in the family, and also got money from *Pickens* for such use. *Pickens* quit the premises in *August*, 1862, at or about the time the aforesaid license expired. The selling charged in the indictment and proved in the evidence, took place while the defendant was acting for *Martin*, and in the same house and room where he had done business.

Pickens v. The State.

The following written instrument, the signature to which having been proved to be in the hand-writing of *Martin*, was given in evidence:

"Know all men, &c., that I, *Nathaniel Martin*, of *Bartholomew* County, and State of *Indiana*, do constitute and appoint *Henry Pickens*, of the County and State aforesaid, to be my lawful attorney, to do and act for me, the same as if I was there myself, in my business in the town of *Taylorsville*, in said county. Dated, *Taylorsville, December* 21, 1861.

Signed, NATHANIEL MARTIN.

It appeared that *Martin's* business establishment was in *Taylorsville*, that the recited instrument was executed at, or near the time he joined the army, and that *Pickens* conducted the business of that establishment, from the time *Martin* so joined the army, until the license to retail expired. And when, in addition, it is noted that *Martin's* wife, in his absence, and during the period in which the business was transacted by *Pickens*, received from the establishment store goods and money, for the use of her family, the conclusion that he, *Pickens*, in selling the liquor, acted as *Martin's* agent, is not doubtful. Hence the inquiry arises, is the defendant liable? It is true, a license, such as the one before us, is not transferable by assignment or otherwise. 5 Blackf. 151. But we perceive no reason why a licensed vendor of intoxicating liquors, may not employ an agent to conduct and carry on the business. There is indeed nothing in the law regulating the sale of liquor, that forbids such employment, and the result is, the defendant having made the alleged sales, as agent of *Martin*, who was at the time regularly licensed, &c., is not liable on the indictment.

*Per Curiam.*—The judgment is reversed.

*Francis T. Hord*, and *Stansifer & Herod*, for the appellant.

*Oscar B. Hord*, Attorney General for the State.