## STRAHN *v.* HAMILTON ET AL.

PROMISSORY NOTE.—*Consideration.*—*Liquor License.*—A license to retail spirituous liquors is not transferable, and a promissory note for which such transfer forms a part consideration is to that extent without valid consideration.

APPEAL from the Hamilton Common Pleas.

WORDEN, C. J.—This was an action by the appellant against the appellees on a promissory note, executed by the defendants to the plaintiff.

One of the defendants pleaded in two paragraphs, setting up substantially the same matter, a partial want of consideration for the note, in this, that the note was given in consideration of a sale by the plaintiff to the defendants of a certain saloon, liquors, fixtures, etc., including a license which the plaintiff had obtained from the commissioners of Boone county to retail, etc.; that the license was estimated in the transaction at the sum of one hundred dollars, and the saloon, liquors, etc., were estimated at a sufficient sum to make up with the one hundred dollars the amount of the note sued on and another note given at the same time on the same transaction. Demurrers were filed to these para-

graphs by the plaintiff, but they were overruled, and he excepted. Issues were formed, and the cause was tried by the court, who found for the plaintiff, less the one hundred dollars. Plaintiff moved for a new trial on the ground that the amount of the finding in his favor was too small; overruled and exception.

The demurrers were correctly overruled. The license could not be transferred, and such attempt at a transfer could not be made the consideration of a note, or any part of such consideration. So far as such transfer entered into the consideration of the note, so far the note was destitute of any valid consideration.

The conclusion arrived at by the court below, from the evidence, is not, perhaps, what we should have drawn, but it is not so clearly wrong as to justify us in disturbing it.

The judgment below is affirmèd, with costs.

*A. F. Shirts,* for appellant.

*Lee & Wesner* and *W. C. Lamb,* for appellees.

