## RUNYON *v.* THE STATE.

LIQUOR LAW.—*Agent of Licensee.*—A license to vend intoxicating liquors is not transferable, but a licensee who has not forfeited his license may carry on the business by an agent at the place designated in the license, and the agent will not be responsible as for selling without license.

From the Marion Criminal Circuit Court.

*J. Denton,* for appellant.

*C. A. Buskirk,* Attorney General, and *R. D. Doyle,* for the State.

WORDEN, J.—The appellant was indicted for, and convicted of, the offence of selling intoxicating liquor without license. The liquor was sold under the following circumstances:

Samuel McKay had a license for the sale of such liquors at the time and place of the sale. McKay and Runyon entered into the following agreement, in virtue of which the liquor was sold by Runyon, viz.:

"I, Samuel McKay, hereby hire George W. Runyon to act as my barkeeper, at my saloon on Massachusetts avenue, number forty-four (44), known as Pearl Saloon, and carry on said business for me for the period of one year from and after this date; the said George W. Runyon hereby agrees to take charge of said saloon and act as said barkeeper, and have such assistance as may be necessary in said business for the said period of one year, and further agrees to keep an orderly house, and sell no liquor to

minors, to persons intoxicated, or to habitual drunkards, and
that he will sell no liquor on Sunday, or on other days pro-
hibited by law, or after eleven o'clock at night, or suffer
minors to play billiards or other games in said saloon. The
said George W. Runyon hereby further agrees to indemnify
said Samuel McKay against any damage arising out of any
violation of this contract; his failure to do so will terminate
this contract. In consideration of such employment, the said
George W. Runyon hereby agrees to pay said Samuel
McKay the sum of seven hundred dollars for the fixtures of
said saloon, and twenty-five dollars per month out of the
net earnings of said saloon as the said Samuel McKay's
profits thereof. The said fixtures to be forfeited on the fail-
ure of the said George W. Runyon to perform in any par-
ticular the foregoing contract, the said Samuel McKay to
have immediate possession of the same, and be at liberty to
hire, as barkeeper of said saloon, any other person. In tes-
timony," etc.

This agreement was signed by both McKay and Runyon.

A license to vend spirituous liquors is not transferable by
assignment or otherwise. *Godfrey* v. *The State*, 5 Blackf.
151. A removal from the State by the licensee operates as
an abandonment and forfeiture of the license, and after such
removal he cannot carry on business in the State under such
license. *Krant* v. *The State*, 47 Ind. 519. But while the
licensee remains in the State, and has not otherwise for-
feited his license, he may carry on the business by his agent,
and the agent will not be responsible as for selling without
license. *Pickens* v. *The State*, 20 Ind. 116.

In the case in judgment, it does not appear that McKay
had in any manner forfeited his license. The agreement
between McKay and the appellant did not attempt to trans-
fer the license to the appellant, nor did it put him in pos-
session or control of the saloon otherwise than as the agent
of McKay.

We are of opinion that, under the facts, the appellant must

be regarded as having acted in the premises as the agent of McKay, and not liable to prosecution as for selling without license. A motion which he made for a new trial should have been sustained.

The judgment below is reversed, and the cause remanded for a new trial.