No. 12,854.

HEATH v. THE STATE.

INTOXICATING LIQUOR.— *Purchaser of Business not Protected by License of Vendor.*—The purchaser of a saloon from one who has been licensed to sell intoxicating liquors is not protected, in conducting such business, by the license of his vendor.

SAME.—*Sale.—Agency.—Contract.—Evidence.*—For a contract and evidence considered and held sufficient to constitute a sale by the licensee to the person put in charge of the saloon, and not the mere creation of an agency, see the opinion.

From the Allen Circuit Court.

*T. E. Ellison,* for appellant.

*C. M. Dawson,* Prosecuting Attorney, for the State.

NIBLACK, C. J.—Upon an appeal from the judgment of a justice of the peace, the appellant, Benjamin F. Heath, was tried and convicted of selling to one Groves, on the 15th day of December, 1885, intoxicating liquor to be drunk on the premises, without a license authorizing such a sale.

The only question made upon this appeal is upon the sufficiency of the evidence to sustain the finding of the circuit court.

It was admitted by the appellant at the trial, that he sold intoxicating liquor to Groves at the time and place, and for the purpose, charged in the affidavit filed against him; that, on the 9th day of July, 1885, one Charles B. Smith obtained a license from the board of commissioners of Allen county to sell spirituous, vinous and malt liquors at the place at which the appellant sold the intoxicating liquor, for the period of one year from that date; that the building in which Smith commenced to do business under his license belonged to one Dudenhoefer, and was by him leased to Smith; that, on the 31st day of August, 1885, Smith gave to one Dennis a chattel mortgage on all the fixtures and furniture in his saloon to secure the payment of the sum of $83.35 to be paid in one month, which time was afterwards extended for another

month; that in October, 1885, Smith having become indebted to Dudenhoefer in the sum of $45 for rent, the latter declared the lease to Smith forfeited; that, on the 25th day of November, 1885, Dudenhoefer commenced a suit against Smith, before a justice of the peace, to evict him from the premises, which consisted of a dwelling-house, in which the latter lived, and the saloon, and on the same day sold and conveyed the property to one Evans; that, on the 2d day of December, 1885, Dudenhoefer recovered a judgment for the possession of the property and $10.50 in damages; that, on the 3d day of December, 1885, a writ was issued to a proper constable, commanding him to put Smith out of possession, and to collect the amount of damages and costs adjudged against him; that the constable took possession of the saloon, levied upon the fixtures and furniture in it, and, locking it up, gave the key to Dudenhoefer's attorney.

It was also made to appear by the evidence that on the next day, that is to say, on the 4th day of December, 1885, Evans, Smith and Heath came together and entered into an arrangement to have the saloon reopened and business continued in it in Smith's name. To that end Evans executed to Smith a written lease to the premises for one month, with the privilege of renewal from month to month, upon payment of the rent in advance, until the 1st day of July, 1886. Smith and Heath thereupon entered into an agreement in writing as follows:

"FORT WAYNE, IND., Dec. 4th, 1885.

"I, Charles B. Smith, of Allen county, Indiana, do hereby hire and employ Benjamin F. Heath to act as my barkeeper till the first of July, 1886, at my saloon number 401, East Wayne street, in said city of Fort Wayne. I do also authorize him to purchase such goods as may reasonably be necessary to carry on said business; and to give receipts and sign my name to such contracts as may be necessary to carry out this contract. And I do further agree to sell and deliver to him all the (fixtures) and furniture there is now in said premises

for the sum of seventy dollars, the receipt of which is hereby acknowledged.   It being agreed that said Heath shall act as such bartender, and shall procure such assistance as may be necessary, at his own expense, to properly carry out this contract.   And said Heath shall faithfully carry out this contract and save said Smith from prosecutions on account of such employment; that he keep an orderly house, sell no liquors to minors, or to persons intoxicated, or to habitual drunkards, or in any manner prohibited by law.   It is also agreed that said Heath shall, out of the receipts of said business, pay all bills incurred on account thereof, and that he shall have for his services all profits made in carrying on the same, and any and all liquors or goods bought by him on my account, when the same are paid for, except the sum of ten dollars per month, which is to be paid to B. B. Evans for the use of said saloon by said Heath on the account of said Smith; said Evans having this day leased the same to said Smith.

" In witness whereof said parties have hereunto set their hands the day and year above written.

" Charles B. Smith.<br>" B. F. Heath.

" December 4th, 1885.

" I agree that said Benjamin F. Heath shall honestly and faithfully carry out his part of the above contract.

" Bennett B. Evans."

Smith testified that he sold the fixtures and furniture in the saloon to Heath for $70; that Evans furnished the money which was turned over to Dudenhoefer in payment of his rent and judgment for damages and costs; that Evans paid and took up the chattel mortgage executed to Dennis; that soon after signing the agreement with Heath, he had moved over into another part of the city and had not since been in the saloon exceeding once or twice, if at all, as to which he could not remember; that after signing the agreement, Heath got the key from Dudenhoefer's attorney and went into the possession of the saloon, assuming and continuing to be in en-

tire control; that there was at the time probably $10 worth of liquors in the saloon; that he, Smith, was not to get anything out of the business except $10 which was to be paid to Evans for rent; that he considered himself the owner of the liquors in the saloon, but Heath was to have all he paid for; that he considered himself responsible for the acts of Heath while carrying on business under the contract under which he went into possession, but that he had no property which amounted to anything and was in fact entirely insolvent; that at the time he was put out of the possession of the saloon, he was in debt and had no money and could not have run the saloon any longer, and that he entered into the agreement with Heath at the request of Evans, who wanted Heath to run the saloon; that nothing was said at the time of the agreement about his transferring his license to Heath; that he did not know what liquor, if any, Heath had since bought, and that he had given himself no trouble about the business since Heath had taken charge of the saloon.

Evans and Heath also testified as witnesses in the cause, but their testimony was in general corroboration of the statements made by Smith as above, and contained nothing changing the general character of the transaction which resulted in placing Heath in possession of the saloon.

While the agreement, set out and relied upon in this case, is very similar to the one ruled upon, and held to be a valid agreement upon its face, in the case of *Runyon* v. *State*, 52 Ind. 320, the circumstances attending, as well as succeeding its execution, tended to prove it to have been a mere cover for the absolute sale and transfer of the saloon to Heath. In finding the defendant guilty, the circuit court evidently construed the entire transaction as amounting to an absolute sale and transfer of the saloon, and not as the mere appointment of Heath as the barkeeper and agent of Smith, and we have no reason for holding that the construction thus placed upon the evidence was an incorrect construction.

Conceding, therefore, that Heath had become the actual

owner of the saloon, as the evidence tended to show he had, the license issued to Smith afforded him no protection for making the sale of intoxicating liquor admitted to have been made in this case. *Pickens* v. *State*, 20 Ind. 116; *Krant* v. *State*, 47 Ind. 519; *Shaw* v. *State*, 56 Ind. 188; *Keiser* v. *State*, 58 Ind. 379.

The judgment is affirmed, with costs.

Filed Feb. 16, 1886.