## Herman Boehmer v. Jesse Foval.

1. REWARDS—*Illegality of Consideration.*—Where the consideration of a reward for the recovery of money is that a person shall testify in behalf of the person offering it, the contract is illegal and void as against public policy.

2. CONTRACTS—*Relating to Proceedings in Civil Courts, Void.*—Agreements relating to proceedings in civil courts involving anything inconsistent with the full and impartial course of justice, though not open to the charge of actual corruption, are void.

3. SAME—*Part of the Consideration Illegal.*—The consideration of a contract is entire, and if a part of it is illegal the promise founded upon it is void.

**Memorandum.**—Action of assumpsit for a reward. In the Circuit Court of Calhoun County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Declaration, common counts; plea, general issue; trial by jury; verdict and judgment for the defendant; error by plaintiff. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

### STATEMENT OF THE CASE.

The action below was assumpsit by Boehmer against Foval. The declaration contained only the common counts, and the only plea was the general issue. In answer to a rule entered against him the plaintiff below filed the following bill of particulars, viz.: "This action was brought to recover the sum of $2,000 due from the defendant to the

plaintiff upon the following item of account : " 1892, May 1, to amount of reward offered by defendant, Jesse Foval, to plaintiff, Herman Boehmer, for accumulation of evidence regarding the embezzlement from said Foval of certain amounts of money, to wit, $5,000, and for producing said evidence in the Circuit Court of Calhoun County, Illinois, at the October term, A. D. 1890; said offer of reward having been made by said Foval on or about, to wit, April 17, 1890." The defense was that the agreement to pay the reward was upon condition that the money which had been embezzled should be recovered. The defendant below contended also that if the evidence in behalf of the plaintiff showed a contract other than as claimed by the defendant, that it was illegal and void because the consideration thereof was that the plaintiff would testify and procure others to testify in behalf of the defendant in a suit pending or to be brought by him against one Isaac Foval for the recovery of the money that he had lost by embezzlement. The cause was submitted to a jury and a verdict returned for the defendant below. This is a writ of error sued out to reverse the judgment rendered upon the verdict.

BRIEF OF PLAINTIFF IN ERROR, JAS. L. HOPKINS AND E. G. HILL, ATTORNEYS.

A construction of a contract that will nullify and destroy the same should not be adopted if it can be avoided. Dwelling House Ins. Co. v. Butterly, 33 Ill. App. 628; Crittenden v. French, 21 Ill. 598 (cited with approval, Bish. Cont. Sec. 392); Souhegan Nat'l Bank v. Wallace, 61 N. H. 24; Chitty on Contracts, 9th Amer. Ed., page 72 (of original paging); Coke on Litt., 42; 2 Black. Comm. 380.

It will not be presumed that the law will be violated in carrying out a contract where it can be done lawfully. Sheffield v. Balmer, 52 Mo. 474 (cited with approval, Bish. Cont. Sec. 392).

Contracts to pay money for the detection of crime are valid. Furman v. Parke, 21 N. J. L. 310; Folli v. Barber,

1 M. & S. 108; United States v. Wilson, Bald. 70; Green-hood on Public Policy, p. 444.

T. J. SELBY, attorney for defendant in error.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

If the consideration for the reward was that the plaintiff in error should testify as a witness in behalf of the defend-ant in error in the action pending or to be brought against Isaac Foval we think the contract was against public policy and void. Greenhood on Public Policy, 444.

Agreements relating to proceedings in civil courts, in-volving anything inconsistent with the full and impartial course of justice, though not open to the charge of actual corruption, are void. 3 Amer. & Eng. Ency. of Law, pages 879–80–81.

The evidence tended to show that such was the consider-ation, in part at least, of whatever contract the parties made. The consideration was entire and, if part of it was illegal, the promise founded upon it was void. 3 Amer. & Eng. Ency. of Law, page 887. It is complained that the court, by instruction No. 2, given for the defendant below, left the question of the legality of the contract to the determination of the jury. Whether it was a part of the agreement that Boehmer should testify as a witness for Foval was a ques-tion of fact for the jury to settle. The legal effect of such a contract, if made, was a point in law to be determined by the court. Instruction No. 2 in substance advised the jury that before the plaintiff could recover, it must appear from the evidence that the contract was one that the law would enforce. It was followed by instruction No. 3, to wit: " The law will not enforce an illegal contract, that is, a con-tract made against the law, public policy or good morals, and if the jury believe from the evidence that plaintiff, Boehmer, had a contract with the defendant by the terms of which said Boehmer should testify as a witness for said Foval, and induce others to testify for said Foval, then the

plaintiff, Boehmer, can not recover in this case, because such a contract is illegal." Though given separate numbers, the instructions constituted one complete charge to the jury, and considered as such, it seems entirely clear that the court decided the point in law and submitted to the jury the issue of fact. We have examined the evidence and find it supports the verdict. The judgment is, it seems to us, right upon the merits. It is affirmed.