## PIERCE *v.* PIERCE.

[No. 2,050.   Filed February 24, 1897.]

INTOXICATING LIQUORS.—*License to Sell Not Transferable.*—A license to sell intoxicating liquors at retail is not transferable. *p. 113.*

CONTRACTS.—*Consideration.*—Mere inadequacy of consideration is not sufficient to defeat a contract. *p. 115.*

SAME.—*Valid and Illegal Considerations in Same Contract.*—Where valid and illegal considerations in the same contract are susceptible of division, that part of the consideration which is legal may be enforced. *pp. 116–118.*

APPEAL.—*Harmless Error.*—Error cannot be predicated upon the ruling on one paragraph of a pleading, where there are other paragraphs under which the same evidence would be admissible. *pp. 118, 119.*

From the Wells Circuit Court. *Affirmed.*

*Levi Mock, John Mock, George Mock, A. L. Sharpe* and *C. E. Sturgis,* for appellant.

*Joseph S. Dailey, Abram Simmons, Frank C. Dailey, John K. Rinehart* and *M. W. Walbert,* for appellee.

WILEY, J.—The assignments of error in this case call in question the correctness of the ruling of the court in overruling appellant's demurrer to the first and second paragraphs of the complaint, and in sustaining appellee's demurrer to the second paragraph of appellant's answer. To the end that the questions involved may be fully understood and fairly presented, it is necessary to embody in this opinion the sum and substance of the various pleadings upon which we are asked to pass judgment.

The complaint was in two paragraphs. In the first paragraph it is alleged that on or about March 28, 1893, the appellant and appellee entered into a copartnership for the purpose of conducting and operating a saloon in Bluffton, Indiana; that they purchased of one Mattie McKendry the fixtures and stock owned by her, and gave their three joint notes therefor, as follows: One for $125.00, one for $225.00, and one for $250.00, all with 8 per cent. interest and attorney's fees; that in pursuance of said contract, appellant and appellee operated the said saloon as partners until June 22, 1893, when a dissolution took place, and they executed a written contract, by the terms of which appellee sold all of his interest in said saloon and fixtures to the appellant, and in consideration thereof, the appellant assumed and agreed to pay and discharge the said notes, and was to pay all bills and accounts for said stock, etc., including all debts of said firm theretofore contracted; that before the maturity

Pierce *v.* Pierce.

of said notes said McKendry, for a valuable considera-
tion, transferred the second of said notes to Ash-
baucher & Brother, partners, and the third of said
series to one Bender; that when said notes became
due, appellant failed to pay them, and also failed to
pay any of the outstanding bills or indebtedness for
which said firm was liable; that the said appellant,
under said contract, took possession of said saloon,
and property, sold the goods on hand, and sold and
transferred the saloon fixtures to one Hawk for
$200.00 in cash and a $160.00 note, and upon the
failure of said Hawk to pay said note, he again
took possession of said saloon and sold the same to
one Conrad, for $300.00, and appropriated the money
and proceeds of the business to his own use; that
the said Ashbaucher & Brother sued appellant and
appellee upon the note so transferred to them, and
recovered thereon a judgment for $264.64 and costs;
that said Bender also recovered judgment on his
note for $265.00 and costs; that at the time of the
rendition of said judgments, plaintiff was the owner
of certain real estate in Wells county, Indiana, where
said judgments were rendered; that certain other
judgments were rendered in the Wells Circuit Court
against appellant and appellee upon certain in-
debtedness which the appellant assumed and agreed
to pay; that for the purpose of avoiding the sale of his
real estate upon the judgments in favor of Ash-
baucher & Brother, and Bender, he procured one
Stimel, to become replevin bail thereon, and gave him
a mortgage on his said real estate for $600.00, the
amount of said judgment, interest and costs, and also
a note of $100.00 which had been executed to said
Stimel by appellant and appellee, and which appel-
lant assumed and agreed to pay as a part of the con-
sideration for the transfer of said saloon and fixtures

to him; that said Stimel foreclosed said mortgage, and sold said real estate upon the decree therein entered; that by reason of said judgments the plaintiff has become insolvent and his said real estate is so incumbered by reason of said judgments and liens that he is unable to pay any of said indebtedness, or to borrow money with which to pay said liens and judgments.

A copy of the contract between appellant and appellee, whereby appellee sold to appellant his interest in said saloon and fixtures, is filed with the complaint and is made a part thereof by exhibit.

The second paragraph of the complaint is so nearly identical with the first, except as to the prayer, that it need not be here set out. The contract, which is made an exhibit to the complaint, is as follows:

"Know All Men by These Presents, That I, P. P. Pierce, of Wells county, Indiana, in consideration of the sum of one hundred dollars, the receipt whereof is hereby acknowledged, have granted, bargained and sold, and do hereby grant, bargain and sell unto John Pierce, of Wells county, Indiana, all my right, title and interest in all furniture, fixtures and stock in the saloon now run in the building owned by Isaac Peppard, on Johnson street, in Bluffton, Indiana, and including the license or authority to sell now in force.

"It is hereby understood and agreed that the said John Pierce shall and does hereby assume the payment of three notes in the sum of $453.00 and interest, payable to Mattie McKendry, as purchase money for said saloon; and also the said John Pierce assumes to pay all bills and accounts for stock now outstanding or which may hereafter become due and payable, including all debts of said firm as heretofore constituted."

The appellant challenged the sufficiency of each

paragraph of the complaint by a demurrer, which was overruled, to which ruling he excepted. The appellant then answered in four paragraphs, but as the only question raised upon the answer by the assignment of error is the sustaining of the demurrer to the amended second paragraph of answer, it is unnecessary to refer to any of the other paragraphs of answer.

The amended second paragraph of answer is as follows:

"And for amended second paragraph of answer to the complaint, the defendant, John S. Pierce, says that the consideration for the contract sued on is immoral, illegal, and against public policy, in that the greater portion of said consideration was the transfer by the plaintiff to the defendant of his license to sell intoxicating liquors in Wells county, Indiana, which the plaintiff at the time had and continued to have for ten months thereafter; that the stock mentioned in said contract consisted of intoxicating liquors, then and there for sale, and that the other property mentioned in said contract, including said stock, was not worth any sum without said license to run and operate said saloon and make sales of intoxicating liquors; that at the time said contract was executed the plaintiff well knew that defendant had no means or other way of paying the obligations mentioned in said contract than to make sales of intoxicating liquors and run and operate said saloon, and it was expressly understood and agreed by the plaintiff and defendant that defendant was to sell intoxicating liquors, under said license and pay the several obligations mentioned in said contract out of the proceeds of such sales, and said sale and transfer mentioned in said contract was executed for the express purpose and with the intent, upon the part of the plaintiff and defendant, that defendant should sell intoxicating

liquors under said liquor license; that the considera-
tion of the said contract is so blended, that the value
placed upon said liquor license, cannot be separated
from the other considerations mentioned in said con-
tract; that about the whole inducement to defendant
to execute said contract was the privilege of selling
such intoxicating liquors under said license, which de-
fendant at the time believed said transfer conferred
upon him."

After a reply in general denial to the affirmative
matters in the answer, the cause was submitted to the
court without a jury, and resulted in a judgment in
favor of appellee for $677.76. The evidence is not in
the record, and appellant prosecutes this appeal
solely upon the pleadings, and has assigned error as
follows: (1) The court erred in overruling the de-
murrer to the first paragraph of the complaint; (2) the
court erred in overruling the demurrer to the second
paragraph of the complaint; and (3) the court erred
in sustaining the demurrer to the amended second
paragraph of answer.

As the same question is presented both by the com-
plaint and second paragraph of amended answer, the
several assignments of error may be considered to-
gether. Counsel for appellant present and discuss but
one proposition, to-wit: that the contract sued upon,
tested by the averments of the complaint and the sec-
ond paragraph of amended answer, is an illegal one,
and hence cannot be enforced. It is specially urged,
under the averments of the second amended para-
graph of answer, that as the transfer of the license to
sell intoxicating liquors, by appellee to appellant, was
illegal, and constituted a greater part of the considera-
tion entering into the contract, that, that part of
the legal consideration was so tainted and blended
with the illegal part that the legal could not be sep-

arated from the illegal, and that the contract was, therefore, not enforceable.

It is well settled in this State that a license to sell intoxicating liquors at retail is not transferable and confers on the transferee no authority to sell. *Strahn* v. *Hamilton*, 38 Ind. 57; *Heath* v. *State*, 105 Ind. 342. This rule is based upon sound principle. The law regulating the granting and issuing of a license to vend intoxicating liquors to be drank as a beverage, primarily clothes the board of county commissioners with the authority to determine who are fit persons to be intrusted with such business, and if a licensee had the power to transfer his license he could transfer it to whom he pleased, regardless of the fitness of the transferee to engage in so perilous and hazardous a business, and thus the object of the statute would be defeated.

If there had been no consideration for the contract in question, but the transfer of the license by the appellee to the appellant, we would have no difficulty in arriving at a conclusion, for, in such event, there would be no valid consideration to support the contract. There was no consideration moving to the appellant from the appellee for such transfer, and he is charged with the knowledge of that fact. He was bound to know that its transfer conferred upon him no right to sell intoxicating liquors thereunder, for all persons are presumed to know the law. In so far as the transfer of the license enters into or affects the transaction in question, the consideration therefor, if any, was a consideration impossible in law, because it could confer no rights, and a consideration, either impossible in law or physically impossible, is no consideration. Clark on Contracts, section 85, p. 181.

This infirmity in the contract was as much within

VOL. 17—8

his knowledge as it was within the knowledge of the appellee.

If there was any valid consideration, therefore, to support the contract, it must be held binding, if such consideration is of such a character that it may be distinguished from the illegal or void consideration.

As we have said before, the transfer of the license conferred no title or right in, or to it in the transferee, and he being bound to know that fact, then we must hold that such transfer constituted no part of the consideration, and we must look to and construe the contract as though the words "and including the license or authority to sell now in force" were wholly omitted therefrom. The contract avers that in consideration of $100.00, the receipt of which is acknowledged, the appellee granted, bargained and sold to appellant all his right, title and interest in and to the furniture, fixtures and stock in the saloon, etc.; and in consideration of these covenants, on the part of appellee, appellant assumed and agreed to pay certain notes, accounts and debts for which they were both jointly and severally liable. True, the second paragraph of the amended answer avers that a greater part of the consideration was the transfer of the license by appellee to appellant, and that the stock mentioned in the contract consisted of intoxicating liquors then and there for sale, and that the other property mentioned in the contract was not worth any sum without said license to operate and run said saloon. This paragraph of answer was drawn with much skill, and it is evident that it was the intention of the pleader to state in substance that without the license to sell all the property, rights and choses in action mentioned in the contract, were without value, and hence there would be no consideration to support it. Unfortunately, however, for the pleader, he has failed in this. The an-

swer avers that the "stock mentioned in the contract consisted of intoxicating liquors then and there for sale," but it does not aver that without the license to sell they were of no value. It is only the *"other property mentioned in the contract"* that was without value in the absence of the right to sell under the license. It must be presumed, nothing to the contrary appearing, that the stock of liquors had some value, and where there is some consideration to support the contract it will be upheld. Mere inadequacy of consideration is not sufficient to defeat a contract. *Sibbitt* v. *Stryker*, 62 Ind. 41. Where a person obtains all the consideration he contracts for, he cannot say there was no consideration. *Laboyteaux* v. *Swigart*, 103 Ind. 596.

In the case at bar, the appellant, having been bound to know that no benefit would accrue to him under the transfer of the license, and there being some consideration to support the contract, it must be presumed he obtained all the consideration for which he contracted.

We think the case of *Strahn* v. *Hamilton*, *supra*, is decisive of the case under consideration. In that case, the appellant sold appellee a saloon, stock and fixtures, furniture, etc., and transferred to him his license to sell intoxicating liquors. In an action to recover under his contract for the purchase price, the defense was interposed that there had been partial failure of consideration, in that the transfer of the license to sell was valued at $100.00, and as it was not transferable, and gave the transferee no right to sell, and resulted in no benefit to him, to that extent there was a failure of consideration. The appellant in that case was the plaintiff below, and recovered the contract price, less the $100.00, the value attached to the license. On appeal the judgment was affirmed. It

was clearly recognized by the Supreme Court in that case that a part of the consideration being illegal, and a part of it legal, under the pleading, it was susceptible of division, and it was rightly held that that part of the consideration which was legal could be enforced.

As the evidence is not in the record in the case at bar, and as there was a transfer of property, rights, and choses in action by appellee to appellant, that was of some value, which would constitute a valid consideration, it is fair to presume that the court wholly disregarded the question of the transfer of the license and based its judgment upon the valid consideration expressed in the contract. In the absence of the evidence every presumption must be indulged in favor of the action of the trial court, and we cannot say that it did not reach a correct conclusion.

We are not unmindful of the rule that where valid and illegal considerations in a contract are so blended and intermingled that they cannot be separated, the contract cannot be enforced, but the rule is not applicable here, because they are clearly divisible. The cases appellant cites in support of the proposition are not in point. *Fleming* v. *Greene*, 48 Kan. 646, 30 Pac. 11, cited by appellant, was where promissory notes and a mortgage were given for the excess over a certain sum upon an invoice of goods which was found to have been made by the payee of the notes and another, with the intention of cheating and defrauding the purchasers, and the signatures to such notes and mortgage were actually obtained by means of such false and fraudulent inventory; and upon these facts it was held by the supreme court of Kansas that the transaction was unlawful, and that the consideration of such notes and mortgage was illegal, and that for that reason they were held void. It will be observed

Pierce v. Pierce.

from the facts stated in that case, that the whole transaction was tainted with fraud, and under the well settled rule that fraud vitiates all contracts, the contract in that case was held to be void.

*Bochmer* v. *Foval*, 55 Ill. App. 71, also cited by appellant, was an action for a reward offered, and as the reward was payable in the event of a successful termination of the action, and one of the considerations was that the plaintiff should testify and get others to testify against the party against whom an embezzlement had been charged, and where it was sought to recover the amount embezzled, it was held that the contract was illegal and void on the ground that agreements relating to proceedings in civil courts, involving anything inconsistent with the full and impartial course of justice, though not open to the actual charge of corruption, could not be enforced as being against public policy. This doctrine is certainly founded in sound reason, but it has no application to the facts in this case.

*Wolsey* v. *Neeley*, 62 Ill. App. 141, cited by appellant, in support of his contention, was where a contract was entered into giving the entire option to sell the stock of an incorporated company for a future delivery, and it was held that it was in direct violation of a criminal statute of the state defining such transactions as gambling contracts. In the same case, however, it was held that where a contract, void under the criminal code, contained other provisions which are not void and which are valid, such provisions may be enforced. The case just cited is in direct harmony with the great weight of authorities upon the proposition, and especially is it in harmony with the case of *Strahn* v. *Hamilton, supra.*

Counsel for appellant quote from *Edwards County* v. *Jennings* (Tex. Sup.); 35 S. W., 1053, in support of the

proposition that where legal and illegal provisions are contained in a contract, that the contract cannot be enforced. We have examined that case with very much care, and are led to the conclusion that counsel cited it without the text of the opinion before them and, therefore, not fully comprehending its full import and meaning. The commissioners of Edwards county, in the State of Texas, contracted with Jennings to put in the town of Rock Springs a certain water system, and in the contract granted to him "an exclusive right of way to lay pipe, etc., in the streets." The constitution of Texas, Article 1, section 26, provides that "Perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed;" and as the agreement tends to create a monoply it was violative of the constitution, illegal and void.

The consideration for the obligation imposed upon Jennings by the contract consisted of the obligation of the county (1) to pay him $3,500, and (2) to perform this unlawful agreement.

With this brief statement of the case, it is apparent that it does not support the contention of appellant, for it is obvious that the whole contract, or the substance of it at least, is merged in the unlawful agreement granting to Jennings an exclusive right of way to lay pipes in the streets, etc. The entire contract must fail in the absence of the right to lay pipes, etc., for a water system in a town without pipes or mains through which to conduct the water, would not be operative.

We reiterate, therefore, that in our judgment the contract sued upon in this case is not subject to the objection urged against it.

But, if we are wrong, still there was no error prejudicial to the appellant in sustaining appellee's demur-

rer to the amended second paragraph of answer, for the reason that error cannot be predicated upon the ruling on one paragraph of a pleading, where there are other paragraphs under which the same evidence would be admissible.   Under the third and fourth paragraphs of appellant's answer we are clearly of the opinion that the facts charged in the amended second paragraph of answer were admissible in evidence.   In our judgment each paragraph of the complaint stated a good cause of action.

We find no error in the record, and the judgment is affirmed.