## Hugh B. Curry, Appellee, v. City of Aurora et al., Appellants.

## Gen. No. 5,384.

1. MANDAMUS—*what must be shown to entitle issuance of.* Mandamus for the performance of an act will not lie, unless there is a clear legal right to have the act performed and a clear legal duty on the defendant to perform.

2. MANDAMUS—*issuance of saloon license.* A city cannot be compelled to issue a license to keep a dramshop, except under a valid ordinance.

3. DRAMSHOPS—*ordinance requiring but one-half of liquor license fee in advance.* An ordinance which requires the payment of only one-half of a liquor license fee in advance, is invalid as violative of the Dramshop Act.

4. DRAMSHOPS—*provision of ordinance requiring liquor license fee to be paid to clerk.* The provisions of an ordinance requiring liquor license fees to be paid to the clerk are invalid as violative of the Dramshop Act which requires the same to be paid into the city treasury.

5. DRAMSHOPS—*conditions of dealer's bond.* An ordinance, relative to the issuance of liquor licenses which does not require the giving of a bond with the conditions specified in section 5 of the Dramshop Act, is void.

6. DRAMSHOPS—*petition for license.* Where the petition for a license to keep a saloon describes the location as "at Bishop Hotel Block, River Street and Downer Place," it is insufficient for want of a definite designation.

7. DRAMSHOPS—*discretion to issue license.* Where mayor is given discretion as to the issuing of a license, the court will respect a fair exercise thereof.

8. DRAMSHOPS—*discretion as to issuance of license.* Where a mayor has discretion as to the issuance of saloon licenses, a refusal to issue a license, because the applicant is but 22 years old, is a fair exercise of such discretion.

9. DRAMSHOPS—*city has power to limit number of.* A city has power to limit the number of saloons, by ordinance.

10. DRAMSHOPS—*permitting renewal of liquor license.* An ordinance permitting a renewal of liquor licenses at the end of each year, at the option of the licensee, and making such renewal transferrable, is invalid.

Mandamus. Appeal from the Circuit Court of Kane county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the April term, 1912. Reversed. Opinion filed June 27, 1912.

CHARLES F. CLYNE, ALDRICH & WORCESTER and AL-
SCHULER, PUTNAM & JAMES, for appellants.

JOHN M. RAYMOND, JOHN K. NEWHALL and FRED B.
SHEARER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion
of the court.

Appellee filed a petition in the Circuit Court of Kane
county for a mandamus to compel the city of Aurora
and its mayor and its clerk to issue to appellee a license
to keep a dramshop. He averred the existence of ordi-
nance No. 1244 and that he had, on July 12, 1911, made
a written application to the mayor and clerk for such
license and had paid the clerk $1,000 as a license fee
for the term of one year, ending June 30, 1912, pur-
suant to said ordinance, and had presented a proper
bond to the clerk, and that the mayor and clerk re-
fused to issue the license. Appellee averred that a
license was refused him because of a certain ordinance
No. 954, which undertook to limit the number of li-
censes which might be issued in said city, and that
the mayor and city clerk claimed that the city had
already issued as many licenses as were allowed by
said ordinance No. 954. Appellee averred that said
ordinance 954 was void for various reasons stated in
the petition for a mandamus. Appellee averred that
he was a person of good character and was entitled to
a license. Appellant filed twelve pleas, to each of
which appellee filed a rejoinder. Issues of fact were
thus joined. The issues were tried without a jury, and
the court found said ordinance No. 954 void and
awarded a peremptory writ of mandamus, and the de-
fendants appeal therefrom.

It is assigned for error among other things that the
court erred in not finding section 3A and section 10 of
ordinance No. 1244 illegal and void. One who seeks
to compel the performance of some act by a writ of
mandamus must show a clear legal right on his part to

have the act performed and a clear legal duty on the part of the defendant to perform that act. Appellee based his right to have this license issued to him upon said ordinance No. 1244, which he alleged was a valid ordinance. A city cannot be compelled to issue a license to keep a dramshop, except under a valid ordinance. Its statutory power to license a dramshop is dorman till a valid ordinance had been enacted: People v. Cregier, 138 Ill. 401; People v. Mount, 186 Ill. 560, Ordinance No. 1244 establishes the license fee for one year and provides for the payment of one-half of that amount in advance and requires the applicant to give a bond that he will pay the other half. The act concerning dramshops makes it unlawful to grant a license except by the payment in advance of the sum fixed as the annual fee for the license. It was so held in People v. Mount, *supra.* In that respect this ordinance is void. The statute requires the license fee to be paid into the treasury of the city. This ordinance required it to be paid to the clerk. This provision was invalid: Orton v. City of Lincoln, 156 Ill. 499. Section 5 of the dramshop act forbids the authorities of any city to grant a license to keep a dramshop until a bond has been given with the conditions in that section specified. This ordinance does not require a bond with those conditions.

But, if the validity of ordinance No. 1244 were not considered, still appellee was not entitled to a license for several reasons. In his original petition for mandamus, appellee stated that his petition to the mayor and clerk for a license described the place where he desired to sell liquors as Bishop Hotel, Downer Place, in the city of Aurora. By an amendment it was charged that the petition for a license described the location as "at Bishop Hotel Block, River Street and Downer Place." Such also was the description of the place in the bond. The Bishop Hotel block is on River street and Downer place and an alley. The Bishop Hotel

occupies a part of this block, and several other portions of it are occupied by other parties, all the occupants being tenants. Appellee was not a tenant of any part of the block. The statute defines a dramshop as a "place" where spirituous liquors are sold, etc. The sufficiency of the designation of the place by appellee in his application and bond is raised by the pleadings. A saloon or dramshop is one place or room and not several rooms. A license to keep a dramshop can only authorize it in one place. Malkan v. City of Chicago, 217 Ill. 471. This application and bond did not designate whether this dramshop was to be kept on River street or on Downer place or on the alley, not whether it was to be kept in the basement or on the first floor or on some floor above the first floor, or whether it was to be kept in the premises leased for a hotel or in some other portion of the block. We are of opinion that the city authorities could not be required to issue a license to appellee to keep a dramshop in such part of that block as he might thereafter select. Again, the ordinance gave the mayor a discretion as to the issuing of licenses. The court will respect such a discretion when fairly exercised. Harrison v. People, 222 Ill. 150; Kretzmann v. Dunne, 228 Ill. 31; Block v. City of Chicago, 239 Ill. 251. Appellee was about 22 years old at the time he made this application. The mayor testified that one of the reasons why he refused the license was that he thought if so young a man kept a dramshop, young men would be specially attracted thereto, and that he thought a person of the age of appellee was not likely to have sufficient experience to conduct a saloon. We are unable to say that the mayor abused his discretion in refusing a license for that reason. Moreover, appellee did not pay the money into the treasury of the city, as the dramshop act required, but paid it to the city clerk, and the bond which he tendered did not contain the provisions which the statute required, and these defenses were set up in the pleadings and were sufficient to defeat his application.

So far as ordinance No. 954 limited the number of saloons which might be kept in the city of Aurora by the population, we are of opinion that it was a valid exercise of the power of the city.  People v. Cregier, *supra;* Block v. City of Chicago, *supra;* People v. Mohr, 252 Ill. 160.  This limitation was relied upon in the pleadings, and the proof showed that, prior to the application by appellee for such a license, the city had already issued the number of licenses permitted by the ordinance.  As that part of the ordinance was valid which limited the number of saloons and as the number of licenses permitted had already been issued, the mayor and clerk were therefore warranted in refusing the license.  Other parts of ordinance No. 954 required the city authorities to renew each license at the end of the year and issue another license, and made the right to such renewal transferable by the licensee and transferable again by his assignee.  These provisions we consider invalid.  A license to keep a dramshop is as much a personal matter, depending upon the fitness and character of the licensee, as is a license to practice law or medicine.  The statute only allows a license for one year.  This ordinance practically makes the license unlimited in time.  An applicant might be considered a fit and proper person when he first obtained a license and his conduct during the license year might demonstrate to the city authorities that he was an unfit person to conduct a dramshop.  The statute expressly makes the license not transferable.  It was held that such a license was not transferable in Munsell v. Temple, 3 Gilm. 93.  See also Alger v. Weston, 14 Johns. 231; Sanderson v. Goodrich, 46 Barb. (N. Y.) 616; Com. v. Bryan, 9 Dana (Ky.) 310; Gilday v. Warren, 69 Conn. 237; Godfrey v. State, 5 Blackf. 151; Strahn v. Hamilton, 38 Ind. 57; Heath v. State, 105 Ind. 342; State v. Bayne, 100 Wis. 35; State v. Lydick, 11 Neb. 366; In re Blumenthal, 125 Pa. St. 412; State v. Prettyman, 3 Harr. (Del.) 570; State v. McNeeley, 1 Winston's Law (N. C.) 234; State v. County Commissioners, 22 Fla. 1.

We therefore conclude that appellee did not in fact comply with the requirements of the statute, and that his petition and bond did not show a compliance with the statute, and that that portion of ordinance No. 954, which limited the number of saloons, was valid, and that the authorized number of licenses had been issued before appellee made his application, and that for all these reasons appellee was not entitled to a license.

The judgment is therefore reversed.

*Reversed.*