In re Richard Clyde **BARNES**, Debtor.

**Thomas J. VanKirk,
Plaintiff/Appellant,**

v.

**R. David Boyer, Trustee–in–Bankruptcy, Yvette Kleven, Successor Trustee–in–Bankruptcy, John W. Carroll, M. Sharlene Carroll and Denelle Mary Barbaro, Defendants/Appellees.**

**CIV. No. 1:00CV453.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Feb. 2, 2001.

Ward W. Miller, More and Miller, Fort Wayne, IN, for Thomas J. VanKirk, appellants.

R. David Boyer, Helmke Beams Boyer and Wagner, James T. Young, Rothberg Logan & Warsco LLP, Martin E. Seifert, Kos and Associates, Kim M. Spielman, Fort Wayne, TX, for R. David Boyer, Yvette Kleven, Successor Trustee–in–Bankruptcy, John W. Carroll, M. Sharlene Carroll and Denelle Mary Barbaro, appellees.

## ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the court on a appeal from the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division. The appellant filed his opening brief on December 20, 2000, and the Appellees filed their responsive brief on January 4, 2001. The appellant then filed his reply brief on January 16, 2001.

For the following reasons, the decision of the bankruptcy court will be affirmed.

### Discussion

■ The issue presently before this court is whether the bankruptcy court correctly determined that an Indiana three-way liquor license, while a property interest for purposes of bankruptcy administration, is not a property interest for purposes of the attachment of a statutory lien outside bankruptcy. The applicable standard of review for findings of fact is the clearly erroneous standard, while the standard of review for issues of law is de novo. *Matter of Paeplow,* 972 F.2d 730 (7th Cir. 1992); *In re Rivinius,* 977 F.2d 1171 (7th Cir.1992); *Samuels v. Wilder,* 906 F.2d 272 (7th Cir.1990).

The parties concur on the statement of the case and the background facts, which

are as follows. The permit at issue was held of the name of J.R., Inc. until August 18, 1998 when the Indiana Alcoholic Beverage Commission authorized its transfer to Richard Barnes ("Barnes") and Margy Hooker ("Hooker"). This permit was periodically renewed and stood in their individual names on June 25, 1999 when they each filed separate petitions for relief under the Bankruptcy Code.

The appellant, Thomas VanKirk ("VanKirk"), a former employee of J.R. Inc., filed a notice of employee's lien with the Allen County Recorder as to the property owned by J.R., Inc. VanKirk also filed a financing statement with the Indiana Secretary of State. In April of 1998, VanKirk filed suit to foreclose his employee's lien. The Allen Superior Court entered judgment in VanKirk's favor, by default, on April 23, 1999, foreclosing the lien "as to any and all assets of the corporation JR, [sic] Inc. on and after September 2, 1997." On May 12, 1999, VanKirk filed a motion for the appointment of a receiver, asking that the Permit be administered for the benefit of creditors. The Allen Superior Court held the motion in abeyance pending the disposition of an identical motion before the Allen Circuit Court. Neither court appointed a receiver before Barnes and Hooker filed their respective bankruptcy petitions.

On February 5, 1998, defendants John W. Carroll and M. Sharlene Carroll ("the Carrolls"), loaned Barnes and Hooker $75,000. The loan proceeds were used to pay delinquent taxes J.R. Inc. owed to the State of Indiana. This was done to allow the transfer of the Permit into the debtors' individual names. To secure the loan, Barnes & Hooker, Inc. granted the Carrolls a security interest in "the liquor license in the name of Barnes & Hooker, Inc." [1] The Carrolls filed a financing statement reflecting this security interest on

---

1. Barnes & Hooker, Inc. is a separate corporation owned by the debtors, which also held a permit issued by the State of Indiana. That permit, a two-way beer and wine license, is not the one at issue here.

August 20, 1998. In the proceeding before the bankruptcy court, the Carrolls claimed they were led to believe that they were being granted a lien upon the three-way permit at issue here. The Carrolls also argued that their loan to Barnes and Hooker increased the value of the Permit, such that they claim an equitable lien upon the Permit. The Carrolls contended that their financing statement gave interested parties constructive notice of this claimed equitable interest.

Denelle Barbaro ("Barbaro") filed a financing statement with the Indiana Secretary of State on January 30, 1997, identifying herself as the secured party and J.R., Inc. as the debtor. This financing statement further refers to a security interest in "the operating equipment of [J.R., Inc.] located at [J.R., Inc.'s] address." Barbaro stipulated in state court that her security interest did not extend to the Permit, and the bankruptcy court concluded that Barbaro was not advancing any claim to a lien in the bankruptcy court.

On November 2, 2000, the bankruptcy court entered its judgment, based upon a written decision of that date, holding that the liquor permit, on and after the bankruptcy filing of Barnes and Hooker, was vested in the two bankruptcy trustees, free and clear of VanKirk's Indiana corporate employee's lien claim, the equitable lien claim advanced by the Carrolls, and any U.C.C. lien claim advanced by Barbaro. Decision at 12. VanKirk has now appealed.

In reaching its decision that VanKirk did not have a lien against the Permit, the bankruptcy court noted that the issue of whether a lien can attach to a liquor license under Indiana law has long since been resolved. In *In re Eagles Nest, Inc.,* 57 B.R. 337 (Bankr.N.D.Ind.1986), the court was presented with the issue of whether the seller of a three-way liquor license, through a conditional sales contract, could seek relief from the automatic stay for purposes of foreclosing on the liquor license upon the debtor's default in

its contract payments. *Id.* at 338. In *Eagles Nest,* the court noted that property interests are created and defined by state law and there is no reason such interest should be analyzed differently in a bankruptcy proceeding. *Id.* at 339. The court further noted that a liquor license can be quite valuable and the debtor's interest therein is property of the bankruptcy estate, pursuant to 11 U.S.C. § 541. *Id.* at 340. The court thus found that, while the license was property of the bankruptcy estate, it was different from other forms of property in that the license was not subject to a perfectible security interest:

> The bankruptcy estate takes the license free and clear of any security interest, since a security interest is not perfectible under Indiana law and would not be enforceable against the Indiana Alcoholic Beverage Commission. Alcoholic beverage permits have historically not been assignable at will. *Godfrey v. State,* 5 Blackf. 151 (1839).

57 B.R. at 340.

The Indiana Court of Appeals has addressed this issue at least twice since the decision in *Eagles Nest.* In a case involving a foreclosure of a security interest against assets of a business, and against guarantors of the obligation, the Indiana Court of Appeals confirmed that the holding in *Eagles Nest* was the correct determination under Indiana law. *Vanek v. Indiana National Bank,* 540 N.E.2d 81, 84 (Ind.App. 1989). More recently, the Indiana Court of Appeals again addressed the issue of security interest in liquor licenses. *Cole v. Loman & Gray, Inc.,* 713 N.E.2d 901 (Ind. App.1999), involved the sale of a restaurant, along with the liquor license, whereby installment payments were due and the seller retained a security interest pursuant to a security agreement. A default occurred in the payments, and the buyer filed for bankruptcy protection. The seller then proceeded against the individual guarantors of the installment note. *Id.* at 903. In discussing the parties' rights in the various collateral, the Court reiterated its position with respect to security interests and liquor licenses:

We note that, under Indiana law, a security interest cannot be perfected in an alcoholic beverage permit. *In the Matter of Eagles Nest, Inc.*, 57 B.R. 337, 340 (Bankr.N.D.Ind.1986). Generally, the holder of an alcoholic beverage permit may not sell, assign, or transfer that permit to another. Ind.Code 7.1–3–24–1. Therefore, in the case of default, where a security interest was presumably created in a liquor license, the "bankruptcy estate takes the license free and clear of any security interest, since a security interest is not perfectible under Indiana law and would not be enforceable against the Indiana Alcoholic Beverage Commission." *Eagles Nest,* 57 B.R. at 340.

713 N.E.2d at 905, n. 3.

In the present case, VanKirk argues that the bankruptcy court incorrectly determined that a liquor license is not a property interest subject to a security interest. However, in *Eagles Nest,* Judge Rodibaugh discussed this issue at length, and the Indiana Court of Appeals has twice ruled that Judge Rodibaugh's analysis was sound and proper. *See Vanek, supra; Cole, supra.* Additionally, the bankruptcy court in the present case fully discussed VanKirk's arguments and the pertinent case law and correctly determined that VanKirk's employee's lien did not attach to the Permit.

As the Indiana Court of Appeals has spoken firmly on the issues which VanKirk raises, and the bankruptcy court fully discussed VanKirk's arguments and correctly applied the applicable law to the case, this court will affirm the bankruptcy court's decision.

### Conclusion

Based on the foregoing, the decision of the bankruptcy court is hereby AFFIRMED.