## SHAW v. THE STATE.

LIQUOR LAW.—*Indictment.*—*Malt Liquor.*—*Judicial Notice.*—An indictment for unlawfully selling "malt liquor" is insufficient, as the courts of this State can not judicially say that all malt liquors are intoxicating.

SAME.—*License.*—Under the provisions of the act of March 17th, 1875, (1 R. S. 1876, p. 869,) regulating the sale of intoxicating liquors, a license may be granted to two or more persons jointly.

SAME.—*License to one Partner.*—*Sale by Unlicensed Partner.*—*Sale by Firm.*— A license granted to one member of a copartnership, consisting of two or more persons, does not authorize a sale of intoxicating liquors belonging to such firm by an unlicensed member thereof, nor by all jointly, for their joint benefit.

SAME.—*Principal and Agent.*—A sale in such case by an unlicensed member of. such firm does not come within the rule authorizing a sale by an agent.

From the Wayne Circuit Court.

*S. A. Forkner*, for appellant.

*H. U. Johnson*, Prosecuting Attorney, for the State.

HOWK, J.—At the November term, 1876, of the court below, the appellant was indicted for the unlawful sale of malt liquor.

The indictment contained two counts.

In the first count, it was charged, in substance, that the appellant, at Wayne county, Indiana, on the 20th day of February, 1876, "the same being Sunday," did, then and there, unlawfully sell "one pint of a certain intoxicating malt liquor to one Andrew J. McDowell, for five cents, to be then and there drunk in the house, out-house, yard, garden and appurtenances thereto belonging, in said county, of the appellant, he, the appellant, being then and there licensed, according to law, to sell spiritous, vinous and malt liquors, in a less quantity than a quart at a time, to be drank in the house, etc., in said county, of the appellant.

The second count charged, in substance, that appellant, at Wayne county, Indiana, on the 20th day of February, 1876, not being then and there licensed, according to law,

Shaw *v*. The State.

to sell any spiritous, vinous or malt liquors, by a less quantity than a quart at a time, " did, then and there, unlawfully sell a certain malt liquor to one Andrew J. McDowell, by a less quantity than a quart at a time, to wit, one pint thereof," for five cents, etc.

Appellant moved the court below to quash the indictment against him, which motion was overruled, and appellant excepted. And, being arraigned on said indictment, appellant's plea thereto was, that he was not guilty as therein charged. It appears from the record, that the prosecuting attorney then elected to try the appellant on the second count of the indictment. The issue joined thereon was tried by a jury in the court below, and a verdict was returned, finding the appellant guilty and assessing his fine at twenty dollars. Appellant moved the court below, on written causes filed, for a new trial, which motion was overruled, and appellant excepted. And judgment was rendered on the verdict, from which judgment the appellant now prosecutes this appeal.

In this court, appellant's counsel has expressly waived all questions in relation to the sufficiency of the indictment, or of either paragraph thereof, in this cause. Otherwise, we would probably have held, that the second count of said indictment was bad, on the motion to quash the same, for the reason that the second count simply charged the sale of a certain malt liquor, and did not aver that the malt liquor in question was intoxicating. In our opinion, the courts could not, from their general knowledge, say that all malt liquors are intoxicating. It was so held by this court, in the case of *Klare* v. *The State*, 43 Ind. 483.

But as appellant has made no question on this point, in this case, we will proceed to the consideration of what is termed " the main and important question " in this case. This question may be thus stated : " Will a license under the present liquor law, granted to one partner, protect the other partner," who has no license, from sales made by

the latter, in the building or premises described in his partner's license, during the continuance of such license, the liquors there sold being the partnership property of the partners equally?

This question is fairly presented for our consideration by the record of this cause, and the errors assigned thereon. By the words "present liquor law," in said question, the act of March 17th, 1875, to regulate and license the sale of spiritous, etc., liquors, etc., 1 R. S. 1876, p. 869, is of course intended. And it seems to us, that the question presented is one which ought to, and must, be determined from the language used in the particular statute, rather than by the weight of authority. In other words, we think that the subject-matter of the inquiry, in this case, is a proper subject of legislative action. And when such an inquiry is presented to the courts, the language used by the legislature, in the particular case, should be studied, and should control in deciding the point presented, rather than the decisions of the courts of other States, on their own local statutes. In the case at bar, the language used by the legislature of this State, in the first section of the act before cited, in our opinion, is decisive of the question here presented. By this first section of said act, it was and is enacted, as follows, to wit:

"It shall be unlawful for any person or persons to directly or indirectly sell, barter or give away for any purpose of gain, any spiritous, vinous or malt liquors, in less quantities than a quart at a time, without first procuring, from the board of commissioners of the county in which such liquor or liquors are to be sold, a license as hereinafter provided."

Two things are observable in, and are clearly established by, the language just cited. *First*, a license may be issued to two, or any larger number number of, persons, which license will legalize any sale made by or for said persons, of any of the articles mentioned, except where the sale is prohibited by other provisions of the act. The

*second,* we think, is a corollary of the *first,* that a joint sale by, or a sale for the joint benefit of, two or more persons, of said articles jointly owned by such persons, if the sale be made by one of said persons, who has no separate license, will be unlawful, unless the whole number of persons, by or for whom such joint sale is made, have first procured the required license, and that a license to one of two or more persons will not legalize a sale made by the other or others of said persons, who have no license, even though it be a sale of articles which the licensed person might lawfully sell, and in which, and the sale whereof, he was equally interested with the other or others making such sale.

Such, in our opinion, is a fair interpretation of the present liquor law of this State. It recognizes the fact, that two or more persons, as partners or joint owners, may engage in the sale of intoxicating liquors, in quantities less than a quart at a time, and it provides, that it shall be unlawful for such persons to make such sales, without having first procured, from the proper board of commissioners, the proper license.

But another, and perhaps the more conclusive reason, why it must be held, under our legislation, that a license granted to one partner can not, and ought not to, be construed as affording any protection to his partner or partners, who have not procured license, for sales made by the latter in violation of any of the provisions of our present liquor law, is to be found in the first proviso in the 4th section of the law in question. This proviso is in these words:

"*Provided,* Said applicant be a fit person to be entrusted with the sale of intoxicating liquor, and if he be not in the habit of becoming intoxicated; but in no case shall a license be granted to a person in the habit of becoming intoxicated." 1 R. S. 1876, p. 870.

From the last clause of this proviso, it will be observed that it contains a positive prohibition against the grant-

ing of a license, in any case, to any one who is in the habit of becoming intoxicated. Ordinarily, any one can form a copartnership in business with any one else, without regard to his personal habits, and without let or hindrance from the law. If we should hold that a license granted to one person would enure to the benefit and protection of his partners, the effect of such a decision might well be to virtually license persons who were all the time drunk or intoxicated, and wholly unfit for the peculiar trust conferred by the license. The law recognizes the fact, that some persons are fit, and others are not fit, for this particular business ; but the construction of the law advocated by appellant's counsel, if carried out, would necessarily abolish this distinction, and render nugatory the provisions of said proviso. Such a construction this court will not give.

It appeared from the evidence in this cause, that the appellant and one Fred. Besselman, at the date of the sale charged in the indictment, were copartners in the saloon business—that is, in the sale of intoxicating liquors, in quantities less than a quart at a time. It also appeared in evidence, that the liquor sold by appellant, as charged in the indictment, was the joint property, in equal portions, of the appellant and said Besselman, as such copartners. Appellant then offered to prove by proper evidence, that at the time of the sale by appellant, charged in the indictment, his partner, said Besselman, held a license, issued by the board of commissioners of said Wayne county, for one year from June 15th, 1875, authorizing him, said Besselman, during the said year, to sell spiritous, vinous and malt liquors, in quantities less than a quart at a time, in the premises described in said license, in which premises the proof showed that appellant and Besselman carried on their copartnership business, and that appellant had made the sale charged in the indictment. The court below excluded the offered evidence, and to this decision appellant excepted. This

alleged error of law, occurring at the trial, was the only cause for a new trial assigned by appellant, in his motion therefor, addressed to the court below. This motion was overruled, and appellant excepted, and, by bill of exceptions, properly in the record, the ruling of the court below upon the offered evidence is presented here for our consideration.

It is very clear to our minds, that the offered evidence was correctly excluded. It was immaterial and outside of the issues joined in this cause. It was averred or charged, in the second count of the indictment, that the appellant was not then and there licensed according to law. By the offered evidence, it was intended, we suppose, to show, not that appellant was licensed, but that his partner in business was licensed. The license to Besselman was certainly not a license to appellant; nor can it be construed to be a license to both Besselman and the appellant. Appellant's counsel insists, that, in making the sale in question, appellant was the agent of Besselman, and would, therefore, be protected by the latter's license. A partner is the agent of his copartner in partnership matters; but where, as in this case, a partner sells copartnership property, in which each partner has an equal interest, he is rather the agent of the firm, than of the individual partner, in the making of such sale.

But it is unnecessary, we think, to elaborate this question. We are clearly convinced, that the offered evidence in this case was properly excluded. And, therefore, we hold that no error was committed by the court below in overruling appellant's motion for a new trial.

The judgment of the court below is affirmed, at the costs of the appellant.