No. 12,658.

HUTCHINS v. WELDIN.

CONTRACT.—*Against Good Morals.—Public Policy.—Replevin.*—Where the owner of personal property parts with the possession thereof under a contract which is against good morals and void as against public policy, the law will not aid him to recover the possession of such property, but will leave the parties in the situation in which they have placed themselves.

INSTRUCTIONS TO JURY.—*Reversal of Judgment.*—Where all the instructions given, considered as an entirety, state the law applicable to the case, the judgment will not be reversed because of mere inaccuracies or loose expressions in any of the instructions, separately considered.

From the Steuben Circuit Court.

*J. A. Woodhull* and *W. M. Brown*, for appellant.

*J. M. Somers*, for appellee.

HOWK, J.—This was an action of replevin brought by appellant, Hutchins, as plaintiff, against appellee, Weldin, as defendant, to recover the possession of one dark bay mare of the value of $50, of which mare plaintiff alleged he was the owner and entitled to the possession, and that defendant had possession of such mare without right, and unlawfully detained the same from plaintiff.

The cause was put at issue and tried by a jury, and a verdict was returned for defendant, and, over plaintiff's motion for a new trial, judgment was rendered on the verdict.

Plaintiff appeals to this court, and assigns here as error the overruling below of his motion for a new trial. In this motion a number of causes were assigned for such new trial, but the causes chiefly relied upon here by plaintiff's learned counsel for the reversal of the judgment below are alleged errors of law occurring at the trial in giving the jury, at defendant's request, the following instructions, to wit:

" 3. It is a principle of law that a man, who takes an active part in leading others into error, can not ask that the

consequences of his mistake be thrown on others. It is, also, a well settled principle of law, that when an act is done or a statement made by a person, which, if denied by him, would work an injury to others, whose conduct had been influenced by the act or statement, the character of an estoppel attaches, and he will not be allowed to make such denial.

" 4. If the contract of sale under which this property is claimed is void, it is because it is contrary to public policy ; it is, therefore, subject to all the limitations which sound public policy may dictate ; and courts will treat such contract in the manner which will be most consistent with sound public policy, and best calculated to suppress and discourage such violations of law. One qualification of the rule is, that the rule itself shall not be made an engine of wrong and injury in the hands of a wrong-doer against an innocent party. It can never be good policy to punish the innocent for the crimes of the guilty ; hence, the rule can not be set up to the prejudice of any party innocent of all participation in the wrong, or whose rights have been acquired without notice of it ; and it is a well settled principle of law that, where goods are obtained by fraud or under fraud, or under circumstances which would render the sale void between the vendor and vendee, and the vendor has furnished, however innocently, to the vendee any of the evidences of ownership calculated to mislead a purchaser, and the goods are purchased *bona fide* from the fraudulent vendee, relying upon such evidences of ownership, such innocent purchaser will hold as against the original vendee (vendor ?)."

Appellant's counsel contend, as we understand their argument, that the judgment below should be reversed and a new trial granted, because, they say, the instructions quoted were wholly inapplicable to the evidence and issues of the case, and tended to mislead and confuse the jury, and to prejudice them against the appellant. Counsel do not claim that these instructions, considered merely as abstract legal propositions,

were erroneous, but they say, substantially, that, although correct principles of law may be enunciated therein, both instructions were foreign to the issues in the cause, and had no application whatever to the case made by the evidence. We do not agree, however, with the views of plaintiff's counsel in regard to the facts of this case. Plaintiff claimed that he was the owner, and entitled to the possession, of the property described in his complaint; and, further, that defendant had possession of such property without right, and unlawfully detained the same from plaintiff. Of course, plaintiff had the burden of establishing by sufficient evidence his claim to the property in controversy.

We have carefully examined and considered all the evidence appearing in the record. The evidence is in much conflict, it is true, on some of the questions at issue between the parties; but while this is so, it can not be denied that there was evidence before the jury which, if believed, authorized them to find that the plaintiff herein, by an executed contract of his own seeking and making, had parted with his title to and right to the possession of the mare in controversy to one Jacob Whetstone before the commencement of this action.

We need not state what this contract was, as shown by the evidence, further than to say that it was fully executed by both the parties thereto, and plaintiff got all the consideration for the mare he bargained for. But the contract was *contra bonos mores*, and void, as against public policy. *Root* v. *Stevenson's Adm'r*, 24 Ind. 115; *Dumont* v. *Dufore*, 27 Ind. 263; *Davis* v. *Leonard*, 69 Ind. 213.

Upon this point the court, of its own motion, charged the jury, in effect, that if they believed from the evidence that such contract was executed by the delivery of the mare to Whetstone after he had complied with the terms of plaintiff's proposal, "the law in such a case will leave the parties just where it finds them. * * * * If the contract has not been executed, it will not be enforced; if it has been exe-

cuted, the law will not extend relief." Where a contract, void as against sound morals or public policy, has been fully executed by both parties, and suit brought under, upon or against such contract, "*potior est conditio defendentis.*"

We are of opinion that the instructions of the court given at defendant's request, when construed in connection with those given of the court's own motion, as an entirety, as they must be under our decisions, could not and did not mislead or confuse the jury, nor prejudice them against the plaintiff, and they were certainly applicable to some of the phases of the case as presented by the evidence. When all the instructions given are considered with reference to each other and as an entirety, it will be found that they presented to the jury a correct statement of the law applicable to this case, fair alike to plaintiff and defendant, and were not calculated to mislead the jury. In such case, as we have often decided, the judgment below will not be reversed because of mere inaccuracies or loose expressions in any of the instructions, separately considered. *Deig* v. *Morehead*, 110 Ind. 451, and cases there cited.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed March 8, 1888.