Filed Nov. 27, 1894.

---◆---

No. 17,091.

WOODFORD ET AL. *v.* HAMILTON ET AL.

INTOXICATING LIQUORS.—*Sale to a Woman for Retail Purposes.—Agent. —Contract for Purchase-money Unenforcible.—Public Policy.*—H., a woman, who was the owner of saloon fixtures and stock, executed a written contract with D., by the terms of which it was agreed that D. should apply in his own name and procure a license from the board of commissioners to sell intoxicating liquors, using H.'s fixtures, etc., and that when the license was procured, D. would retail the liquors for a salary of $45 a month, which H. agreed to pay, and that after the current expenses are paid from the receipts the overplus was to go

to H. W. supplied liquors to be sold in the saloon, which was charged to "D—— for H——."

*Held,* that as W. sold the liquor to H.'s agent, knowing the capacity in which he acted, and the use to be made of it (such use being against the express provisions of the statute, and contrary to public policy), the law will not aid W. to enforce his contract of sale, but will leave the parties in the situation in which they have placed themselves.

SAME.—*A Woman can not Obtain License for Sale of.—Sale by Unlawful.*—A woman is inhibited by statute from obtaining a license to vend intoxicating liquors at retail, and when they embark in such business they engage in an unlawful act.

From the Jackson Circuit Court.

*D. A. Kochenour,* for appellants.

*R. Applewhite* and *J. F. Applewhite,* for appellees.

DAILEY, J.—This was an action commenced in the Jackson Circuit Court by the appellants, George A. Woodford and John Pohlman, against the appellee Anna C. Hamilton, to recover on an account for certain liquors sold and delivered by the appellants to stock up a saloon for the retail business, and to set aside a conveyance subsequently made, of certain real estate, by Anna C. Hamilton, to her co-appellee Bridget Hamilton, as fraudulent, and subject the same to the payment of said claim.

There was an answer in general denial which put the case at issue. The cause was submitted to the court for trial, and, at the request of the plaintiffs, it made special findings of facts and stated its conclusions of law thereon. The court afterwards entered judgment upon the special findings that the plaintiffs take nothing by reason of their complaint herein, and that the defendants do have and recover from the plaintiffs their costs and charges in this behalf laid out and expended.

It appears from the special findings, that in 1890, 1891, and 1892, the plaintiffs were partners, doing busi-

ness as wholesale liquor dealers at Indianapolis, Indiana; that prior to June, 1890, the defendant had a chattel mortgage upon certain bar fixtures, furniture and stock of goods situated in a saloon, known as the "Arcade," in the city of Columbus, Indiana, to secure the payment of one thousand dollars, loaned money, due Anna C. Hamilton from William C. Heaton, which was only a second mortgage. The first mortgage belonged to some one else, and it secured the payment of $300; that she had to and did pay the superior mortgage, and had to and did take the mortgaged chattels in April or May, 1890, in satisfaction of her debt and what she paid. Being the owner of such fixtures, furniture and stock, she executed a written contract with one Perry McDonald, by the terms of which it was agreed by said McDonald and said Anna C. Hamilton, a woman, that the former would apply in his own name and procure a license from the board of commissioners of Bartholomew county, Indiana, to sell intoxicating liquors at retail in said "Arcade" saloon, using her fixtures, furniture, etc., and that when the license was so procured, said McDonald would carry on the retailing of such liquors for a salary of $45 per month, which she agreed to pay him, and that after the current expenses were paid from the receipts of said concern the overplus and profits were to go to her, and this contract extended one year; that said McDonald procured such license and said Hamilton paid the license fees to the county and city; that thereupon she, by written appointment, constituted one W. H. Shea, of Columbus, as manager generally of such business, requiring McDonald, as barkeeper, to account and report to said Shea, her manager, and thereupon said McDonald, under such arrangements, proceeded in said saloon to open out and carry on the business of selling spirituous, vinous and malt liquors under said license.

Thereafter part of the liquors sold in said saloon were obtained from plaintiffs.

The first item of $83.60, for whisky, was sold July 16, 1890, and the credit therefor was given to McDonald, as plaintiffs did not then know of said arrangement between him and Anna, and at that date did not even know her; that the plaintiffs, soon after, ascertained all the facts as to the arrangements by which the business was being conducted, and then continued to sell whisky and brandy to be sold in said saloon, by one of the plaintiffs going into the saloon and taking orders therefor, to wit: October 30, 1890, $99.75 worth of brandy; December 15, 1890, $89.20 worth of whisky; and, on February 11, 1891, $121.25 worth of whisky.

All of these last three items of sales were made to Shea, as manager, and received in the saloon and sold at retail by McDonald, barkeeper, and these were charged to "McDonald for Anna C. Hamilton," by plaintiffs, when sold; that plaintiffs never talked, or communicated personally in referring to these matters relating to such sales, with Anna C. Hamilton, and during the year from June, 1890, to June, 1891, she was not personally in said saloon, but resided all the time in Jackson county, Indiana.

The third and last conclusion of law drawn from the foregoing facts, "that the plaintiffs shall take nothing," covers the entire question for our consideration.

The only specification of error is that "The court erred in the conclusions of law stated upon the special finding of facts.

From the findings of the court, it is clear that the liquors, for which a recovery of money is sought in this action, were sold by the plaintiffs and delivered to be sold by retail in a saloon run, owned and controlled by a

woman, and the query that confronts us is: Can a woman lawfully engage in retailing intoxicating liquors?

Sections 5312, 5314 and 5315, R. S. 1881, Burns R. S. 1894, sections 7276, 7278 and 7279, provide that any *male inhabitant*, having certain other specified qualifications, may obtain a license by proceeding in the manner therein prescribed.

It is a maxim of the law that "the express mention of one person or thing is the exclusion of another." Wharton's Legal Maxims, p. 11.

Or, as stated by another eminent author, "What is expressed makes what is silent to cease." Coke Litt., 210a.

Controlled by this established principle of construction, it is clear that women are inhibited, by statute, from obtaining a license to vend intoxicating liquors at retail, and when they embark in such business, they engage in the commission of an unlawful act.

Indeed, it was held by this court, in *Welsh* v. *State*, 126 Ind. 71, that the Legislature has power to restrict the granting of licenses to male inhabitants of the State, and, in this case, when the plaintiffs sold the liquors to the appellee Shea or McDonald knowing the use there was to be made of them, and it being a part of the contract of sale made by the appellants that they were to be sold in said saloon in violation of law, the retailing of such liquors was not only without authority of law, but against the express provisions of our statutes, and contrary to public policy.

Under this condition of affairs, the law will not aid the appellants in an effort to enforce their contract, but will leave the parties in the situation in which they have placed themselves. *Hutchins* v. *Weldin*, 114 Ind. 80.

As to the first item of the account, amounting to $83.60, it is suggested by appellants' learned counsel in

his brief, that it is an elementary principal of the law of agency, too well established to need citation of authorities, that when an agent deals with a seller and buys goods as though he were the principal, and without disclosing his agency, the seller, afterwards, when he learns the facts, has his option either to hold the agent personally responsible for payment, or recover the price from the principal for whose benefit the transaction was made. *Nelson* v. *Powell*, 3 Doug. 410; *Beebe* v. *Robert*, 12 Wend. 413; 1 Am. and Eng. Encyc. of Law, pp. 415, 416.

But this doctrine has no application to a case where the principal is not possessed of the power to enter into the contract for which it is sought to hold her liable. The agent can not bind the principal in a transaction where, if she were present, acting in her own behalf, she could not bind herself.

The judgment is affirmed, with costs.

Filed Nov. 26, 1894.