Terre Haute Brewing Company *v.* Hartman.

---

### TERRE HAUTE BREWING COMPANY *v.* HARTMAN.

[No. 2,576.    Filed March 16, 1898.]

EVIDENCE.—*Weight Of.*—*Special Finding.*—Where there is any evidence supporting the material facts of a special finding, the court will sustain the finding without weighing the evidence. *pp. 602,603.*

CONTRACTS.—*Intoxicating Liquors.*—*Enforcement of Illegal Contracts.*—The law will not assist in enforcing the collection of an account for beer sold to be retailed by the purchaser without license, where the seller knew that the purchaser had no license to sell, and that it was to be disposed of in violation of law. *p. 603.*

From the Madison Circuit Court.   *Affirmed.*

*W. A. Kittinger* and *E. D. Reardon*, for appellant.

*C. M. Greenlee* and *B. R. Call*, for appellee.

COMSTOCK, J.—Appellant was plaintiff below.  The complaint is in two paragraphs.  The first, upon an account, alleges that appellee is indebted to appellant for goods and merchandise, to wit, beer and pop, sold and delivered by appellant to appellee between the 3rd day of July, 1895, and the 2nd day of October, 1895, in the sum of $150.00.  A bill of particulars is also made a part of the complaint.  The second paragraph alleges that appellant is a corporation, organized and doing business under the laws of the State of Indiana, and that in the year 1895, before this suit was commenced, Phillip Miller, Christian Kestner, and Edward Hartman were partners in the saloon business in Elwood, Madison county, Indiana, and doing business under the firm name of Miller, Kestner & Co.; that in said year and before the commencement of this suit, said firm was indebted to the appellant in the sum of $150.00 for beer and pop sold and delivered to said firm of Miller, Kestner & Co., in said year, said sum being due and unpaid.  Appellee, Minnie Hartman, purchased of Miller, Kestner & Co., all their saloon property, stock, and fixtures of every character, and as a part of the purchase price for said property she agreed with Miller, Kestner & Co., and with the appellant, that she would assume and pay as a part of the consideration for said saloon fixtures and stock, the sum of $41.00 then and there owing by Miller, Kestner & Co. to the appellant, and appellee then and there directed appellant to charge her with said sum of $41.00 on said account owed by Miller, Kestner & Co., which they did; that in consideration of other money paid and assumed, and the

agreement of appellee to pay said account of $41.00,
Miller, Kestner & Co. delivered over their saloon
property and fixtures to appellee, who took posses-
sion of and became the owner of the same; that said
sum of $41.00 is due and wholly unpaid, and that ap-
pellant demanded payment of her before the com-
mencement of this suit.

Appellee answered in four paragraphs:

First, general denial. The second alleges that the
goods sold were whiskey, liquors, and beer, and sold
for an unlawful purpose; that they were sold to her
and were to be delivered by appellant to a certain
saloon in Elwood operated by Edward Hartman, and
sold for the purpose of being retailed in said saloon,
and that said Hartman had no license to retail
liquors, and that said goods as described in the sec-
ond paragraph of complaint, were delivered to said
firm at their place of business, and said firm operated
a saloon in said city, and said Miller, Kestner & Co.
had no license as required by the law of the State
of Indiana, and that appellant knew it. The third
alleges that at the time the goods were purchased,
appellee was a married woman living in the State of
Indiana, and she made such contract as surety for the
purchase of the goods, and that said goods were in-
toxicating liquors, and were to be retailed in a cer-
tain saloon operated by Edward Hartman, appellee's
husband; that from said goods appellee received no
benefit nor has her separate property or estate been
benefited in any manner by the same; that the same
was used by Edward Hartman in conducting said
saloon, and the proceeds derived therefrom were used
by him, and that neither appellee nor her separate
property received any benefit therefrom, and that as
far as said first and second paragraphs of complaint
have reference to the alleged purchase of said saloon

property and fixtures, and agreeing as a part of the consideration therefor to pay certain debts due and owing by Miller, Kestner & Co., that at the time of the alleged sale appellee was a married woman, living in this state, and that certain property was delivered to one Edward Hartman, appellee's husband, to be by him used in operating a saloon; that she or her property received no benefit from that part of said property alleged to have been purchased. The fourth paragraph alleges that the merchandise alleged to have been sold as shown by exhibit A in the first paragraph of complaint, and the saloon fixtures and property alleged to have been sold as referred to in the second paragraph of complaint, were sold to appellee for the purpose of being used in the operation of, and conducting a saloon in the city of Elwood, and retailing therein intoxicating liquors; that appellee is a female person residing in the State of Indiana, and that said goods were sold for the purpose of operating said business in the State of Indiana, and were sold to be used for an unlawful purpose.

A demurrer was filed to the second, third, and fourth paragraphs of answer. It does not appear from the record that the court ruled upon said demurrer. The cause was put at issue by reply of general denial. At the request of appellant, the court made a special finding of facts, upon which judgment for costs was rendered in favor of appellee, and the motion for judgment in favor of appellant for $41.00 was overruled. Appellant's motion for a new trial was overruled, and an exception taken.

The first, second, third, fourth, fifth, and sixth assignments of error challenge the sufficiency of the different paragraphs of appellee's answer; the seventh assignment is that the court erred in its special finding of facts; eighth, that the court erred in its con-

clusions of law stated upon the special finding of facts; ninth, error in refusing to render judgment for plaintiff on the special finding of facts; tenth, error in overruling appellant's motion for judgment for $41.00; eleventh, error in overruling appellant's motion for a new trial.

The material facts specially found are fairly within the issues. The same questions are presented upon them and by the errors claimed by the first, second, third, fourth, fifth, and sixth assignments of error. It is not, therefore, necessary to consider the sufficiency of the answer, nor to pass upon the effect of the pleading of appellant of the reply to these answers while a demurrer thereto was still pending, as a correct statement of the law may be made upon the facts found. *Tulley* v. *Citizens' State Bank*, 18 Ind. App. 240; *Woodward* v. *Mitchell*, 140 Ind. 406; *Smith* v. *Wells Mfg. Co.*, 148 Ind. 333; *Scanlin* v. *Stewart*, 138 Ind. 574; *Ross* v. *Banta*, 140 Ind. 120; *Walling* v. *Burgess*, 122 Ind. 299; *State, ex rel.*, v. *Vogel*, 117 Ind. 188; *Louisville, etc., R. W. Co.* v. *Downey*, 18 Ind. App. 140.

The seventh assignment of error, and one of the reasons set out in the motion for a new trial are the same,—that the court erred in its special finding of facts. Under the familiar rule, if there is any evidence to support material facts of the special finding, this court will not weigh the evidence and will sustain the finding.

We deem it necessary to set out parts only of the special findings, in substance as follows: That appellant is a corporation; in 1895 and 1896 it had an agency at Elwood, Indiana, and that John C. Bell was its agent, having full control of the business of appellant in selling its goods at Elwood; appellee was a keeper of a house of ill fame in Elwood, Indiana; married to Edward Hartman on the 12th day of June,

1895; at the March term, 1895, of the board of commissioners of Madison county, Indiana, John Garner obtained license to retail liquors in Elwood, Indiana. Shortly after Garner took out a license, he sold the fixtures subject to the mortgage to Miller & Hartman. They had no license. Hartman of the firm was Edward Hartman, the husband of appellee Minnie Hartman. Prior to the 7th day of June, 1895, Minnie Hartman, appellee, negotiated for the purchase of the unexpired term of Garner's license, and the said purchase was completed on June 17th, 1895, after she was married. She purchased the unexpired term of Garner's license to sell intoxicating liquors, and purchased all the saloon stock of said Miller & Hartman in the name of Edward Hartman, her husband. Minnie Hartman continued to conduct the saloon and to sell intoxicating liquors in less quantities than a quart, pretending to act under the license of Garner; and also conducted her house of prostitution in the city of Elwood, Indiana. Beer was delivered every day by appellant to her house, and was delivered to her saloon, conducted by her husband, and was sold to her to the amount of one hundred ninety-four dollars and five cents ($194.05) upon which there had been made a payment of twenty-eight dollars ($28.00), leaving the amount unpaid one hundred sixty-six dollars and five cents ($166.05), which beer was sold by the appellant to the appellee. The beer delivered at appellee's house was paid for. The appellant had sold to Miller, Kestner & Hartman, and Miller & Hartman beer, upon which there was a balance of $41.00 due appellant at the time they sold to appellee. Appellee agreed with Miller & Hartman to pay the debts of said Miller & Hartman, and among others, she agreed to pay said sum of $41.00 to the appellant. Appellee has paid no part of the forty-

one dollars ($41.00), which she assumed and agreed to pay, and has paid no part of the one hundred sixty-six dollars and five cents ($166.05). Said beer was delivered to said saloon by appellant for the purpose of being sold at retail without any license whatever issued by Madison county, Indiana, other than the license issued to John Garner, during the time it was operated by Miller, Kestner & Hartman, Miller & Hartman, and Hartman, with the full knowledge of appellant of the purpose of its sale and manner of its use.

Counsel for appellant contend that there is no evidence to support the finding of the court that appellant had full knowledge of the facts relative to the licensing and circumstances under which this saloon was conducted. The evidence shows that one John C. Bell was the agent and representative of appellant for the sale of its goods at Elwood. Bell testified that he knew Garner had taken out a license to conduct the saloon; that he knew that the appellee had bought the saloon and put her husband in charge, and that he was operating the saloon under Garner's license; he understood that Miller, Kestner & Hartman ("and all of them") were running the saloon under Garner's name. Bell further testified that he sold beer to the firm of Miller, Kestner & Co.; that they quit business about June 17th, at which time they owed appellant $41.00 for beer; that they were running the saloon, the furniture and fixtures which they had bought of John Garner; that Minnie Hartman (appellee) told him she had bought it and said she would pay the $41.00 due; that the $41.00 was charged to Miller & Kestner, and she told him not to charge it to her, as she did not want anybody to know she was running a saloon as she would be prosecuted. He also testified that he knew the kind of saloon that

was being run there; that they sold beer by the glass. This was evidence to support the finding of which appellant's counsel complain. The exhibit filed with the complaint showed that the goods sold consisted entirely of beer, and there is no evidence that the account was for anything else. Counsel for appellant contend that in any event judgment in its favor should have been rendered for $41.00.

The finding of the court shows that appellant had sold to Miller, Kestner & Hartman, and Miller & Hartman, beer to be sold at retail in said saloon and that said $41.00 was an unpaid balance due from said Miller, Kestner & Co., and Miller & Hartman at the time of the purchase of appellee; that said beer for which said balance was due was sold to the parties aforesaid with the knowledge that it was to be sold by the purchasers at retail in said saloon without any other license than that issued to said Garner. There is evidence to support the finding of the court.

It thus appears from the record that appellant was a party to the violation of law, identifying itself with the transaction from the sale of the saloon by Garner to the purchasing by appellee. The exhibit filed with the complaint and the evidence showed that only beer was sold, and that appellant knew the use that was to be made of it, such use being against the express provision of the statute and against public policy. The law will not assist it in enforcing this contract, but will leave the parties in the situation in which they placed themselves. *Woodford* v. *Hamilton*, 139 Ind. 481; *Hutchins* v. *Weldin*, 114 Ind. 80.

Appellant relies upon the decision of this court in *Pierce* v. *Pierce*, 17 Ind. App. 107, to support its claim for judgment for $41.00. The case before us is clearly distinguishable from the case cited. The court there held that a legal and illegal consideration entered

into the contract sued upon; that the legal could be distinguished from the illegal, and was sufficient to uphold the contract. The claim in controversy here was solely for beer sold, knowing that it was to be disposed of in violation of law. Other questions are presented by appellant's counsel in their able brief. While we have carefully examined them all, we have deemed it necessary only to discuss those of controlling importance in this appeal. There is no error. Judgment affirmed.