SPAULDING ET AL. *v.* NATHAN ET AL.

[No. 2,543.    Filed November 3, 1898.]

INTOXICATING LIQUORS.—*Partnership Cannot Exist for the Purpose of Retailing.—Account for Goods Sold to Illegal Partnership Not Collectible.*—Where a license to retail intoxicating liquors is issued to one person, and the goods to be retailed are owned by such licensee and another with whom the profits are shared, the business thus conducted is in violation of sections 1 and 8 of the act of March 11, 1895 (Acts 1895, p. 248), prohibiting a partnership in the retailing of intoxicating liquors, and an account for liquors furnished to, and to be retailed by, the persons thus engaged in the unlawful sale of intoxicating liquors is not collectible.

From the Delaware Circuit Court.    *Reversed.*

*R. S. Gregory, A. C. Silverburg, O. J. Lotz, J. A. Bonham, Elisha Pierce* and *J. P. Boyd,* for appellants.

*Henry C. Hanna,* for appellees.

WILEY, J.—Appellees were plaintiffs below, and sued appellants upon an account.    The complaint is in three paragraphs, the first and second of which seek a

recovery against appellants as partners, and the third avers a joint liability, without the averment of partnership. The action was to recover a balance due upon an account for intoxicating liquors alleged to have been sold and delivered to the appellants, which were to be sold at retail by the appellant Wikel, as a licensed saloon-keeper. Appellant Wikel was defaulted, and judgment pronounced against him, and as to him no question is presented by the record. Appellant Spaulding demurred to each paragraph of the complaint, which demurrer was overruled. He then answered in six paragraphs, but, as the case will have to be decided without reference to his answer, it is unnecessary to refer to it further. The case was tried by a jury, resulting in a general verdict for the appellees, and with the general verdict the jury answered and returned certain interrogatories propounded to them by the court.

Appellant Spaulding's motions for a judgment in his favor on the answers to the interrogatories and for a new trial, were respectively overruled, and in this court he has assigned several alleged errors; but the one calling in question the overruling of his motion for a new trial, and the overruling of his motion for judgment on the answers to the interrogatories, are the only ones that it is necessary for us to consider.

It is clearly apparent from the record that appellees prosecuted their action on the distinct and definite theory that appellants were liable to them as partners, and their right of recovery under the third paragraph, which merely charges a joint liability, is expressly waived by their contention that the only question in the record for decision is the one question of a partnership existing between appellants at the time of the sale and delivery of the goods. A brief

statement of the facts as shown by the evidence will, in our judgment, lead to an easy solution of the one controlling question, to wit: Whether or not there was a partnership existing between appellants, by which they would both be liable in this action. The only evidence in the case was that of appellee Nathan, and the written agreement between appellants, offered and read in evidence by appellees. From the evidence of appellee Nathan it clearly appears that appellant Wikel procured a license from the board of county commissioners of Blackford county to retail intoxicating liquors in the town of Montpelier; that appellees sold Wikel certain saloon furniture and fixtures, for which he gave his notes, and upon which appellant Spaulding became surety; that Spaulding verbally guaranteed to appellees the payment of a limited amount of goods sold by appellees to Wikel; that upon such guaranty appellees sold and shipped to Wikel, in his own name, a quantity of intoxicating liquors from time to time, and upon his order, and charged the same to Spaulding and Wikel; that all bills therefor were rendered individually to Wikel, who made payments thereon from time to time until he went out of business, leaving an unpaid balance, which forms the basis of this action; that no bills were ever rendered to Spaulding, and no demand made upon him for payment, except by a draft through a bank after Wikel had quit business, and which Spaulding refused to pay. Appellee Nathan further testified that he knew the license to sell intoxicating liquors was issued to and held by Wikel; that he sold the goods on Spaulding's guaranty and credit and did not know of the existence of any partnership between them until after Wikel had gone out of business. The lease or contract between appellants, which was introduced in evidence, discloses the

following facts:  That Spaulding owned a certain business room in Montpelier, which he leased to Wikel for a term of one year at a rental of $50 per month payable in advance; that Spaulding was to furnish all necessary money except $125, to conduct and operate a saloon; that Wikel was to furnish $125 for which Spaulding was to pay him eight per cent. interest during the time it was used in said business; that Wikel was to pay to Spaulding one-half of the net profits of the business, and was to pay Spaulding at least once each week all proceeds of the business, out of which Spaulding was to pay all expenses of operating the business, including rent,—such payments to be made on the check of Wikel to Spaulding; that Wikel was to give his entire time to the business, and was to draw out of the net profits $8 per week.  This contract might, in any ordinary line of business, constitute a partnership; but whether it would or not we do not decide, for the question is not before us.  Appellees are bound by the theory of the complaint, and they rely upon this contract alone to establish a legal, existing partnership between the appellants.  Under the law in this State a legal partnership cannot exist for the purpose of retailing intoxicating liquors under a license.  Intoxicating liquors can only legally be vended at retail by virtue of a license issued by the board of county commissioners, and such license cannot be issued to two or more persons as partners.  *Keiser* v. *State*, 58 Ind. 379, is in point here.  In that case Keiser and one Sweigert entered into an agreement the nature and character of which were identical in principle to the contract in the case before us, between Spaulding and Wikel. Keiser leased his building to Sweigert for carrying on a retail saloon.  Sweigert was to employ Keiser to purchase stock and to act as salesman.  He was to

pay over to Keiser, for his services, rent, etc., all proceeds and receipts of the business, except $2 per diem, which was to be Sweigert's share of profits, etc. After reviewing the terms of the contract, the court say: "Upon an examination of the contract between Keiser and Sweigert, we think it clear that it did not make them partners as between themselves, and probably not as to third persons. * * * Keiser had no lien on the profits as against creditors, for the amount of his compensation; and the fact, that the amount of his compensation depended upon the amount of net profits, did not make him a partner even as to third persons. He was to have all the net profits as his compensation for services, rent, etc., except two dollars per day, whether the profits were great or small. His compensation might have been something or nothing, as the business might have been profitable or otherwise. That the stipulated compensation did not make him a partner, is settled by the authorities." Citing *Macey* v. *Combs,* 15 Ind. 469, 77 Am. Dec. 103; *Emmons* v. *Newman,* 38 Ind. 372; *Bradley* v. *White,* 10 Metc. 303; *Holmes* v. *Old Colony R. Corporation,* 5 Gray 58; *Berthold* v. *Goldsmith,* 24 Howard, 536. We would cite as bearing upon the question the case of *Woodford* v. *Hamilton,* 139 Ind. 481.

The statute provides "that no license shall be granted to any other than a male person over the age of twenty-one years," etc. See section 1, Act of 1895, p. 248. Also section 5323a, Horner's R. S. 1897. Section 8 of said act provides that "no more than one license shall be granted or issued to any one person, and in no case to any person other than the actual owner and proprietor of said business, who must apply in his own name," etc. Acts 1895, Horner's R. S. 1897, *supra.* It is a maxim of the law that "the express mention of one person or thing is the exclusion

of another." Wharton's Legal Maxims, page 11. Or, as stated by another distinguished author, "what is expressed makes what is silent to cease." Coke Littleton, 210 A. It is evident that it was the intention of the legislature that the license to sell intoxicating liquor at retail should only be issued to one person, and, guided by the established principle of construction as laid down above, it is clear that two or more persons are inhibited by the statute from obtaining a license jointly or as partners, and hence cannot engage as partners in retailing intoxicating liquors under the law. From the evidence it is quite plain that appellees did not sell their goods on the strength or credit of the alleged partnership between appellants; for appellee Nathan testified that he did not know of said partnership until after Wikel went out of business, and that he sold the goods and gave the credit upon the strength of Spaulding's verbal guaranty to pay for them. Under these facts and conditions, the law will not aid appellees to collect their debt from Spaulding, as a partner of Wikel, but will leave the parties in the situation in which they have knowingly and voluntarily placed themselves. *Hutchins* v. *Weldin*, 114 Ind. 80; *Woodford* v. *Hamilton, supra.* As to whether appellees would have a right of action against appellant Spaulding on his verbal guaranty, we do not express an opinion, for that question is not before us, and appellees have not proceeded upon that theory.

Without setting out the interrogatories propounded to and answered by the jury, it is sufficient for us to say that they clearly disclose facts from which the court can say, as a matter of law, that appellant Spaulding is not liable upon the theory of the complaint, and judgment should have been rendered for him on his motion, notwithstanding the general ver-

dict. The judgment as to the appellant Spaulding is therefore reversed, and the court below is directed to render judgment in his favor on the answers to interrogatories.

### DISSENTING OPINION.

HENLEY, C. J.—It is stated in the principal opinion in this cause, in effect, that a partnership for the purpose of trafficking in intoxicating liquors cannot exist in this State. Granting that the law as it now stands prohibits the issuing of a license to retail intoxicating liquors to any firm or company, and only to a male person over the age of twenty-one years, and that such person must possess certain other qualifications, yet I can see no reason why a partnership in the ownership of goods, and in the profits and losses of the business could not exist. It is not illegal for A and B to own a stock of intoxicating liquors as partners, and if a license is issued to A to sell intoxicating liquors, it matters not whose goods he sells, or what he does with the proceeds of such sales. So long as B does not sell or attempt to sell under the license issued to his partner A, the law is not violated, and no principle of public policy infringed. *Shaw* v. *State,* 56 Ind. 188. The question of partnership was at issue and the general verdict in favor of appellees was a finding that appellants were partners, and the answers to the interrogatories submitted to the jury clearly and definitely so find. Believing that a legal partnership existed between appellants at the time of the sale of the goods in question, and that the same were sold to said partners, and were used in the said partnership business, I am of the opinion that the finding of the lower court was right, and ought to be sustained.