## MOORE v. WINSTEAD.

[No. 2,921. Filed Dec. 15, 1899. Rehearing denied Jan. 30, 1900.]

APPEAL AND ERROR.—*Judgment.*—A defendant against whom judgment was rendered cannot predicate error thereon because the judgment was rendered jointly against other defendants. *p. 57.*

NEW TRIAL.—*Parties.*—*Waiver.*—The alleged error of the court in rendering judgment against other parties jointly with defendant cannot be presented for the first time by a motion for a new trial. *p. 57.*

INTOXICATING LIQUORS. — *Sales.* — *License.*—A sale of intoxicating liquors to a firm is not invalid where the seller knew the liquors were to be sold by one who was authorized by law to make sales. *pp. 58, 59.*

SALES.—*Account.*—A saloon was turned over to a creditor with the understanding that he was to realize what he could out of it and be paid

Moore *v.* Winstead.

the balance by the firm, and if he should realize more than enough to pay his debt, the balance was to be returned. He sold the saloon and took notes secured by mortgage on the property. Much of the property was subject to a prior mortgage, and was taken under that mortgage. The firm's notes proved worthless, and the creditor took the remaining property back, sold what he could, appraised the rest, and credited the account with these sums. *Held,* that the sale did not amount to a payment of the debt, and that the creditor was entitled to recover the balance of the account. *pp. 59, 60.*

From the Madison Superior Court. *Affirmed.*

*W. A. Kittinger, E. D. Reardon* and *W. S. Diven,* for appellant.

*J. T. Ellis, C. K. Bagot, A. Ellison* and *T. Bagot,* for appellee.

Robinson, J.—Appellee sued appellant, Luther B. Bailey, and Jack Rice, as partners, for the value of certain liquors and merchandise. Appellant answered by general denial, payment, and special matter of defense,—that the account sued on was for intoxicating liquors sold and delivered to Jack Rice, to be sold by him in less quantities than a quart, under a license; that Bailey and Moore had no license, and were not known in the business, which appellee knew. Appellee had judgment. Appellant's motion for a new trial was overruled.

The defendants, Bailey and Rice, each addressed a letter to an attorney authorizing him to enter their appearance, which letters were filed in court. Judgment was rendered against all the defendants. Neither Bailey nor Rice is making any objection in this court to the judgment against them. The proceedings against them were not void, and we fail to see how appellant could be harmed by a joint judgment against all the defendants below. Besides, no objection was made by appellant in the court below to proceeding against these defendants until he assigned it as a cause for a new trial. The action of the court, even if wrong, could not be thus presented.

There is evidence that appellee, in 1893, sold the goods, which consisted of intoxicating liquors, to Moore, Bailey, and Rice; that the credit was given to Moore and Bailey; that Rice who was licensed to sell liquors, was to be the manager and sell the goods; that appellee sold the goods knowing of this arrangement, and knowing the liquors were to be sold by Rice. While the evidence is conflicting as to some of the questions, there is evidence to show that the sale was not tainted with any illegality. But one of the men to whom the goods were sold was to sell them, and he was authorized under the law to make the sales.

In *Spaulding* v. *Nathan*, 21 Ind. App. 122, it was sought to hold two persons, as partners, for the price of certain liquors. But it was held in that case that the party suing was bound by the theory of the complaint, which was that there was a legal, existing partnership between the parties sued, and that the evidence showed that the goods were not sold on the strength or credit of the alleged partnership between the parties sued. The facts in that case clearly show that the goods were sold to Wikel on Spaulding's guaranty and credit, with no knowledge of any partnership. The seller himself testified that he did not know of any partnership, and that he sold the goods and gave the credit upon the strength of Spaulding's verbal guaranty to pay for them. The case does not hold that Spaulding was not liable for the price of the goods, but does properly hold that he was not liable as a partner of Wikel. That case holds that under the act of March 11, 1895, a license to sell intoxicating liquors can be granted to only one person, and that a license can not be issued to two or more persons jointly or as partners. But in this particular the law of 1875 was different. *Shaw* v. *State*, 56 Ind. 188.

In *Woodford* v. *Hamilton*, 139 Ind. 481, it was sought to recover the price of liquors sold and delivered to be retailed in a saloon run, owned, and controlled by a woman; and it was held that, as the seller knew the liquors were to

be sold in violation of law, there could be no recovery, as the law, in such case, will not aid the parties to enforce such a contract, but will leave them in the situation in which they have voluntarily placed themselves. To the same effect is the case of *Terre Haute, etc., Co.* v. *Hartman*, 19 Ind. App. 596.

In the case at bar the liquors were not sold by appellee to be retailed by the firm to whom they were sold. They were sold to a firm, and were to be disposed of in a lawful manner. The sale made by appellee was a lawful one, and so long as it does not appear that they were sold in further-ance of an unlawful purpose, it is not material what dis-position the firm intended to make of them. The question of a partnership license has nothing to do with the case. Rice had the right under his license to sell intoxicating liquors. If a firm saw proper to buy the liquors, and turn them over to him to be sold by him under his license, we fail to see upon what ground the firm can escape payment. It was immaterial to appellee whose goods Rice sold, or what-he did with the proceeds. The goods were not sold to the firm to be by the firm retailed under Rice's license.

Appellant briefly argues that it appears that appellee took possession of the saloon property, sold it in a manner which amounted to a conversion, and that the sale so made acted as a payment of the account sued on. But the record falls far short of sustaining this view. The saloon was turned over to appellee on the account due him, but with the understanding that he was to realize what he could out of it, and be paid the balance by the firm, and, if he should realize more than enough to pay his debt, the balance was to be paid to appellant, Moore. He did sell it to a firm, and took notes secured by mortgage on the property. Much of the property was subject to a prior mortgage, and was taken under that mortgage. This firm's notes proved to be worthless, and appellee took the remaining property back, and surrendered the notes and canceled the mortgage. He

then sold what he could of the property, appraised the rest, credited the account with these sums, and brought this action for the balance. There is no error. Judgment affirmed.