THE PEOPLE *ex rel.* Charles M. Griffith *et al.* Appellees, *vs.* HENRY J. MOHR *et al.* Appellants.

*Opinion filed December 21, 1911.*

1. ORDINANCES—*the rules for construing statutes apply to ordinances.* The rules applicable to the construction of statutes apply also to the construction of ordinances.

2. SAME—*when ordinance may be enforced as to valid portion.* If an ordinance is invalid as relating to one subject matter but valid as to another, and the two subjects are not necessarily or inseparably connected, the ordinance may be enforced in so far as it is valid and disregarded in so far as it is invalid.

3. DRAM-SHOPS—*when the amendment to dram-shop ordinance is repugnant to original ordinance.* A section added as an amendment to a dram-shop ordinance and purporting to exclude certain described territory in the village from the operation of the original ordinance, which placed a limit upon the number of dram-shop licenses to be thereafter issued to one for every five hundred inhabitants of the entire village, is repugnant to the original ordinance, as it is impossible to give effect to both.

4. SAME—*when repugnant provision of ordinance may be disregarded.* The passage of an ordinance limiting the number of dram-shop licenses to be thereafter issued to one for every five hundred inhabitants of the entire village establishes the policy of

the village in that regard, and an additional section, added as an amendment, which attempts to except certain described territory from the provisions of the original ordinance, may be disregarded for repugnancy and the original ordinance be enforced, no question being made as to the power of the village to enact it.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding.

FRANK S. RIGHEIMER, for appellants.

M. R. HARRIS, and JOHN J. SWENIE, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

The People, on the relation of Charles M. Griffith and Charles A. Kelso, partners under the firm name of Griffith & Kelso, filed a petition against the board of trustees of the village of Forest Park for a writ of *mandamus* commanding said board of trustees to issue to the relators a license to conduct a dram-shop in said village. The board of trustees demurred to the petition. The demurrer was overruled, and, the said board electing to stand by the demurrer, judgment was rendered awarding the peremptory writ. The board of trustees prayed an appeal, and the superior court certified that the validity of a municipal ordinance was involved and that the public interest required the appeal to be prosecuted directly to the Supreme Court, and the record has been brought to this court by the board of trustees for review.

An ordinance providing for the licensing of dram-shops in the village of Forest Park was passed by the board of trustees in April, 1902. Said ordinance specified the conditions to be complied with by applicants for licenses, fixed the sum to be paid for a license and the time for payment, but placed no limit to the number of licenses that might be issued. April 14, 1908, the board of trustees passed another ordinance on the subject of dram-shop licenses. The

said ordinance consisted of three sections. The first section provided that after the passage of the said ordinance no license should be granted to keep a dram-shop or saloon except as provided in sections 2 and 3. Section 2 provided that all lawful dram-shop licenses in force April 30, 1908, might be renewed upon strict and full compliance with the laws and ordinances of said village in force at the time of the application for renewal, but no new license to keep a dram-shop should thereafter be granted until the number of licenses in force at the time should be less than one for every five hundred of the population of the village, as ascertained by the last preceding school census; that when the population exceeded five hundred for every license in force, new licenses were authorized to be issued upon full compliance with the ordinance by the applicant, until the total number of licenses in force should equal one for every five hundred of population. Section 3 provided for the assignment, renewal and re-issue of licenses. On June 14, 1909, the village board adopted another section as an amendment to the ordinance of 1908, denominated section 3a. Said section 3a provides that sections 1, 2 and 3 shall not apply to the territory bounded on the east by Desplaines avenue, on the south by Harrison street, and on the other sides by the right of way of the Aurora, Elgin and Chicago Railway Company. The petition set out all these ordinances in full and alleged that the relators are persons of good character; that April 27, 1911, they made application to the board of trustees for a license to keep a dram-shop at No. 7200 Washington street; that they presented with their application good and sufficient bonds required by law and by the ordinances of the village; that they tendered the license fee of $500 and in all other respects complied with the requirements of the laws and ordinances, but said board of trustees refused to grant said license. The petition avers that said board of trustees based its refusal to issue the license upon the ordinance of 1908 limiting the number of

saloon licenses to one for every five hundred of population, and further alleged that said ordinance was "vitiated, nullified and in effect repealed by adding thereto the section known as section 3a, wherein and whereby a large portion of the territory of said village of Forest Park attempted to be set apart and excluded from the operation of said ordinance, and destroying the general application of said ordinance to said village." The application of relators refused by the board of trustees was for a license to conduct a dram-shop in that part of the village not exempted by section 3a from the operation of the ordinance of 1908.

The point raised for decision by this court is stated by counsel for the relators (appellees) in the following language: "Did the act of the president and board of trustees in passing the amendment to the limitation ordinance, known as section 3a, in effect repeal the limitation ordinance of 1908? If not, did such amendment destroy the general nature of the limitation ordinance and render it restricted and partial in its operation?"

By "limitation ordinance" is meant the ordinance of 1908 limiting dram-shop licenses to one for every five hundred of population. It is apparent that ordinance did not repeal, and was not intended to repeal, the general ordinance of 1902 upon the subject of dram-shop licenses, but its effect was to limit the number of licenses that might be granted under the ordinance of 1902. The right of a municipality to limit the number of licenses, and the validity of the ordinance of 1908, are not questioned in this action. There was nothing inconsistent between the ordinance of 1902 and that of 1908. After the adoption of the ordinance of 1908 the ordinances of the village provided for licensing dram-shops but limited the number of such licenses to one for every five hundred of population. Section 3a, adopted in 1909, did not purport to, and it seems clear it was not intended to, repeal any ordinance previously adopted. It

was intended as an additional section to the ordinance of 1908.

We are of opinion the ordinance of 1908 and section 3*a* cannot stand together. The three sections adopted in 1908 limit the authority of the board of trustees in issuing dram-shop licenses to one for every five hundred population of the entire village. Section 3*a* excepts a certain district of the village from that limitation, so that in the excepted district the board of trustees may issue licenses without any limit whatever. If section 3*a* is valid, more licenses might be issued in the territory excepted than would equal one for every five hundred population of the entire village.

As an illustration why effect cannot be given to the three sections adopted in 1908 and section 3*a* we will suppose the village has a population of five thousand and one-fourth of the population is in the territory described in section 3*a* where there is no limit to the number of licenses that may be issued and three-fourths reside outside that territory. On the basis of one saloon for every five hundred population but ten licenses could be issued for the entire village by the board of trustees. But section 3*a* in effect says that in a certain part of said village there shall be no limit to the number of licenses issued. We will further suppose that there are now ten saloons in the territory described in section 3*a*. Under the ordinance as adopted in 1908 no license could be granted to run a dram-shop in that part of the village not embraced in section 3*a*, because on a basis of one license for every five hundred of population ten licenses would be the limit. On the other hand, if the limitation of one saloon license for every five hundred population is to be given effect, if there were ten saloons in that part of the village outside of the territory described in section 3*a* no license could be issued to conduct a dram-shop in that part of the village described in said section. Effect cannot be given to the three sections adopted in 1908 and section 3*a* at the same time. To give effect to either, the

other must be disregarded. It is unlike a case where the municipal authorities designate certain territory within which licenses will be granted and certain districts within which they will not be granted. In no possible view that we can take of the question can the ordinance limiting the number of saloon licenses to one for every five hundred population of the village and the amendment made by section 3a both be given effect.

The question then is, what effect, if any, will be given to section 3a? Appellees insist it nullified or repealed the provisions of the ordinance adopted in 1908 and leaves the number of saloon licenses to be issued in the entire village without limit. We are of opinion section 3a should be held invalid, and unless it forms such an essential part of the ordinance to which it was an amendment that it can not be held invalid without invalidating the whole ordinance, the other sections of the ordinance should be sustained. In *Wilbur* v. *City of Springfield*, 123 Ill. 395, it was held to be a settled rule of construction that if a provision of an ordinance relating to one subject matter be invalid and as to another valid, if the two are not necessarily or inseparably connected the ordinance may be enforced as to the valid portion and the invalid portion disregarded. In *Harbaugh* v. *City of Monmouth*, 74 Ill. 367, the court considered the validity of an ordinance prohibiting sales of intoxicating liquors but which embraced in its provisions a class of sales it was contended the city had no power to prohibit. The court said (p. 370) : "Even were it true, as contended, that the ordinance embraced sales that the council had no power to prohibit, we perceive no reason why it may not be enforced to the full extent that the city council had the power to legislate on the subject. This question arose in the case of *Kettering* v. *City of Jacksonville*, 50 Ill. 39, and it was there held that an ordinance might contain a provision not authorized and yet be valid in so far as authority was given to enact it."

We think there can be no doubt of the intention of the board of trustees in the adoption of these ordinances. The three sections adopted in 1908 established the policy of the village to issue only one dram-shop license for every five hundred population in the entire village. Section 3*a* was not intended to abrogate or change that policy except as to a part of the village described in said section. As to the rest of the village the limitation of one license to every five hundred population was to remain in force. We have seen the legislation adopted was insufficient to give effect to the intention of the board of trustees, and that either section 3*a* must be disregarded and the three sections adopted in 1908 held to be in force, or if section 3*a* is given effect it must result that the other sections of the ordinance were repealed by it and that there is now no limit to the number of dram-shop licenses, which would be a complete nullification of the policy of the village, and it is very clear the board of trustees never intended section 3*a* should have that effect. The rules applicable to the construction of statutes apply also to the construction of ordinances. (*People* v. *Hummel*, 215 Ill. 43.) It has been held in the construction of statutes, that where the first clause of a section conforms to the obvious policy and intent of the legislature, it is not rendered inoperative by a later inconsistent clause which does not conform to this policy and intent. *State* v. *Bates*, 96 Minn. 110; 113 Am. St. Rep. 612; *Hall* v. *State*, 39 Fla. 637; 23 So. Rep. 119.

Applying the foregoing rules of construction, we think it must be held that section 3*a* is invalid and did not affect the other three sections of the ordinance. It follows, therefore, that the court erred in overruling the demurrer.

The judgment is reversed and the cause remanded to the superior court, with directions to sustain the demurrer.

*Reversed and remanded, with directions.*