(No. 29982.—THE PEOPLE *ex rel.* D. A. Prindable, County Collector, Appellee, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed March 19, 1947—Rehearing denied May 19, 1947.*

FARTHING, FARTHING & FEICKERT, of Belleville, for appellant.

L. P. ZERWECK, State's Attorney, KEVIN KANE, and FRED E. MERRILLS, all of Belleville, ARTHUR R. FELSEN, and FRANK M. SUMMERS, both of East St. Louis, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, the New .York Central Railroad Company, having previously paid its taxes in full, under protest, filed objections in the county court of St. Clair county to an application of the county collector for judgment against, and an order for the sale of, its property for the nonpayment of certain taxes for the year 1944 levied by the towns of Stites and East St. Louis, School District No. 188, and the village of Brooklyn. From the portion of the judgment overruling its objections, defendant appeals.

The town tax for corporate purposes of the town of Stites was levied at a rate of 6.3 cents on each one hundred dollars assessed valuation. Defendant's first objection charges that the budget and appropriation ordinance adopted in 1944 covered the fiscal year commencing March 28, 1944, and ending March 26, 1945; that the ordinance disclosed no part of the 1944 town tax would be received during the fiscal year described; that no anticipation warrants were to be issued against the 1944 town tax, and that the town budget and appropriation ordinance appropriated no part of the proceeds of the 1944 town tax. Accordingly, defendant alleged that the town tax was levied prior to the fiscal year for which it was levied and in which it was to be expended. The same objection was leveled against the town tax of 4 cents for the town of East St. Louis. The facts are identical with respect to these first two objections. The towns of Stites and East St. Louis each operated on a cash basis in 1944. This

means that current expenses for a calendar year are paid from the proceeds of taxes of former years or other available funds, without reliance upon the taxes to be levied for such calendar year. "The taxes for such year, when collected, provide the cash fund for operating on a cash basis the expenses of the following year." (*People ex rel. Manifold* v. *Wabash Railroad Co.* 389 Ill. 403.) Apparently, the towns of Stites and East St. Louis were operating on a cash basis and able to pay all expenses for the fiscal year commencing March 28, 1944, without using any part of the levy of taxes for the year 1944.

The gist of these objections is that since no part of the taxes levied for the year 1944 was to be expended during the fiscal year 1944 they were levied before they had been appropriated. From this, the argument is advanced that the only tax receipts appropriated were those from the levy of 1943 and the levies of prior years. To sustain the contention and supporting argument, section 3 of the Municipal Budget Act, as amended in 1939, is invoked. (Ill. Rev. Stat. 1943, chap. 120, par. 365.3.) So far as relevant, the statute requires the governing body of municipalities such as the towns of Stites and East St. Louis, within or before the first quarter of each fiscal year, to adopt a combined annual budget and appropriation ordinance. Section 3 declares that nothing in the act shall be construed as requiring any municipality to change, or preventing any municipality from changing, from a cash basis of financing to a surplus or deficit basis of financing. The third section also ordains, "The governing body of each municipality shall fix a fiscal year therefor. If the beginning of the fiscal year of a municipality is subsequent to the time that the tax levy for such fiscal year shall be made, then such annual budget and appropriation ordinance shall be adopted prior to the time such tax levy shall be made." There is, however, no condition precedent in the statute, as amended in 1939, that the budget shall be adopted prior

to the tax levy, except in the one instance where the beginning of the fiscal year is subsequent to the time of the tax levy for that year. *People ex rel. Manifold* v. *Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 56.

Although the statute reflects the legislative intent to accomplish conformity in the manner of budgeting expenses throughout the State, there is no indication that the budget is a preliminary requirement to the levying of a tax. (*People ex rel. Amman* v. *Wabash Railroad Co.* 391 Ill. 200; *People* v. *Wabash Railroad Co.* 389 Ill. 403; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 56; *People ex rel. Larson* v. *Thompson*, 377 Ill. 104.) As pertinently observed in *People* v. *Chicago, Burlington and Quincy Railroad Co.*, "The law is general in its application to those bodies included, and is intended to bring about uniform specification and classification of revenue and expenditure by providing the forms used in the budget be furnished by the Tax Commission. If there was any doubt that this is the correct construction it would be removed by the provision of section 4." The fourth section, as amended by an act approved July 23, 1943, ordains, "The failure by any governing body of any municipality to adopt an annual budget and appropriation ordinance, or to comply in any respect with the provisions of this Act, shall not affect the validity of any tax levy of any such municipality, otherwise in conformity with the law." Ill. Rev. Stat. 1943, chap. 120, par. 356.4; see, also, par. 676a.

In *People ex rel. Manifold* v. *Wabash Railroad Co.* 389 Ill. 403, the question presented for decision was whether the so-called budget and appropriation ordinance was in fact an appropriation of the taxes to be collected for the calendar year 1942, when the only moneys estimated and to be expended were those derived from the tax levy of 1941, or from sources other than the taxes of 1942. We held that a budget and appropriation ordinance providing only for expending cash or cash items on hand of a pre-

vious year could not be considered as a budget of the revenue to be derived from a subsequent levy, and was, in effect, no budgeting, under the law, of the funds to be derived from the levy of 1942, adding, "This does not invalidate the levy under section 4 of the act." A contrary rule would render impossible cash operation of their affairs by municipalities. The challenged ordinance only budgeted the money on hand or available, and appropriated it without reference to the 1944 tax levy. *People ex rel. McWard* v. *Wabash Railroad Co.* 395 Ill. 243; *People ex rel. Prindable* v. *Illinois Central Railroad Co.* 389 Ill. 474.

Defendant answers in its reply brief that section 4, when construed as excusing the two townships from adopting budget and appropriation ordinances prior to the passage of their tax levies, is void. To support this contention, the argument is advanced that section 4 is not in harmony with the intent of the statute, repugnant to the other provisions of the act, and void because it cannot be given any meaning consistent with the purpose of the statute. Defendant invokes the rule of statutory construction that where the first clause of a section conforms to the obvious policy and intent of the legislature, it is not rendered inoperative by a later inconsistent clause which does not conform to this policy and intent. (*People ex rel. Griffith* v. *Mohr*, 252 Ill. 160; *Cummings* v. *People*, 211 Ill. 392.) Section 4 is in the nature of a proviso. The office of a proviso generally is to qualify or restrain the preceding section or paragraph. A proviso is generally enacted with the intent of excepting something from the enacting provisions, to restrain or qualify its generality or to exclude some possible ground of misinterpretation or of the act being extended to a state of facts or class of cases which were not intended to be brought within its purview. (*Wells Bros. Co.* v. *Industrial Com.* 285 Ill. 647; *In re Day*, 181 Ill. 73.) The manifest objective of the statute (*People*

v. *Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 56; *People* v. *Wabash Railroad Co.* 391 Ill. 200; *People* v. *Wabash Railroad Co.* 389 Ill. 403; *People* v. *Thompson,* 377 Ill. 104,) impels the conclusion that section 4 is not void for repugnancy.

As an alternative objection to the taxes levied by the township of East St. Louis, defendant contends that the portion of the town collector's commissions payable to the town fund is sufficient to meet the town's legitimate expenses without the necessity of any tax levy, and that the levy of $16,835 for town purposes is, therefore, void. The city treasurer is also the town collector and his annual commissions for collecting taxes, according to the stipulation of the parties, are approximately $35,000. The collector paid the excess of $1500 of his commissions into the city treasury of East St. Louis. Section 36 of the Fees and Salaries Act (Ill. Rev. Stat. 1943, chap. 53, par. 55,) provides, in part, that in counties containing a population not exceeding 300,000 inhabitants, "all excess of commissions and fees over fifteen hundred dollars shall be paid into the town or district treasury," and that in counties containing more than 300,000 inhabitants the commission of two per cent shall be allowed to and deducted by the town or district collector only upon the first two hundred thousand dollars of taxes collected by him in the aggregate and that, in addition, he shall be allowed one per cent on the aggregate of all taxes collected by him in excess of two hundred thousand dollars, "and all excess of commissions and fees over ten thousand dollars shall be paid into the town or county treasury, except in townships comprised of only one village or city, the corporate limits of which are co-extensive with the corporate limits of the township, in which case such excess shall be paid into the village or city treasury."

The town of East St. Louis is located in a county having less than 300,000 inhabitants, and the boundaries of

the city and town of East St. Louis are coextensive. Defendant maintains that, under the statute, the collector's excess commissions were payable to the town and argues that if they had been paid to the town it would have been unnecessary for the town to levy any taxes for town purposes in 1944. From this, defendant insists that the entire levy of $16,835 was illegal. The statutory provisions invoked are not divided into parts, and the exception to the effect that, in townships comprising only one village or city where the corporate limits are the same as those of the township, the excess of commissions and fees shall be paid into the village or city treasury applies alike to villages and cities in counties of under, as well as over, three hundred thousand population. Apart from the plain and unambiguous provisions of section 36 to this effect, it may be observed that in townships coextensive with villages and cities, practically all powers except the handling of relief for paupers have been taken from them. See: Ill. Rev. Stat. 1943, chap. 139, pars. 130, 131, 133. Further fortifying the conclusion that the commissions were properly paid to the city treasury is the fact that the city treasurer is *ex officio* town collector. The legislative intent is clearly to place all possible town powers in the hands of a village or city where coextensive with the town. It may well be that the excess commissions in townships having a population as large as East St. Louis would be double or even triple the total tax levy of the town for general corporate purposes. The tortuous construction of the statute urged by defendant would produce absurd consequences. A familiar rule of statutory construction is that where one of two constructions of a statute is reasonable and wholesome, and the other leads to mischievous, if not absurd, consequences, the latter construction should be avoided. *People ex rel. Simpson* v. *Funkhouser,* 385 Ill. 396; *People* v. *Continental Ill. Nat. Bank and Trust Co.* 360 Ill. 454.

The poor-relief tax of the town of East St. Louis was levied at a rate of thirty cents on each one hundred dollars valuation, in the amount of $153,000. The budget and appropriation ordinance sets forth the total estimated expenditures and appropriations for the poor-relief fund at $665,007.47. The estimated receipts are as follows:

"Net operating cash balance on hand at beginning of
  year ............................................$  1,193.77
Net taxes of 1943 and prior levies to be received dur-
  ing this fiscal year and available for appropriation  40,000.00
Money to be borrowed in this fiscal year:
  Sale of tax anticipations warrants—1944 levy....  80,000.00
Other receipts ....................................  29,632.00
From State ........................................ 514,181.70
                                                    _____
  Grand Total of Estimated Receipts..............$665,007.47"

From the ordinance it appears that the amount available for appropriation from sources other than the 1944 levy for poor-relief purposes was $585,007.47, leaving a balance of $80,000 to be raised by a tax levy. This balance is covered by the item in the appropriation ordinance of "Money to be borrowed in this fiscal year: Sale of tax anticipation warrants—1944 Levy—$80,000." Defendant's objection is directed against the levy of $153,000 as excessive and illegal to the extent it exceeds $106,666.67, the amount required to support the issuance of anticipation warrants aggregating $80,000.

The applicable statute (Ill. Rev. Stat. 1943, chap. 139, par. 39,) provides that the tax for pauper relief for each fiscal year shall not exceed three mills on each dollar of the total equalized assessed value of all the taxable property of the township and shall in no case exceed the amount needed in such township for the care of poor and indigent persons. Township tax levies for pauper relief are made on the first Tuesday in April before the assessed valuation is determined. Section 2 of "An act to provide for relief

for needy persons," so far as relevant, prescribes that no State funds shall be allocated to any governmental unit charged with the duty of providing relief and support for all poor and indigent persons lawfully resident therein unless the unit has levied at least three mills of each dollar of all the taxable property therein for such purpose within the time such levy is authorized to be made. (Ill. Rev. Stat. 1943, chap. 23, par. 394.) The relevant portion of the budget and appropriation ordinance discloses that by far the greater part of the poor-relief funds are allocated by the State. It follows, necessarily, that a levy of three mills is required to obtain these funds. Irrespective of the amount levied, the tax can only be extended at the rate of three mills. Moreover, the General Assembly has provided that although taxes levied for pauper relief may have exceeded the amount required to pay poor-relief expenditures actually incurred in the year for which such taxes were or will be levied, this shall not constitute an objection to the validity of such taxes inasmuch as the amount of money actually needed for poor-relief purposes for any year can only be estimated and cannot be realized during the year for which such taxes have been levied "and could not have been known at the time such taxes were levied and the need for money for poor relief purposes is an obligation continuing from year to year and will require the expenditure of money therefor in the year or years following such levy." Ill. Rev. Stat. 1943, chap. 107, par. 47.

The next objection is against a part of the tax levy of $20,000 for School District No. 188. Included in the appropriations for building purposes were the following items:

> "Janitors—salary . . . . . . . . . . . . . .$ 800
> Insurance . . . . . . . . . . . . . . . . . . 1100
> Attorney fees . . . . . . . . . . . . . . . 1000
> Contingencies . . . . . . . . . . . . . . 2000"

The levying of a tax for building purposes in school district No. 188 is covered by section 189 of the School Law. (Ill. Rev. Stat. 1943, chap. 122, par. 212.) Upon the authority of *People ex rel. Schlaeger* v. *Reilly Tar & Chemical Corp.* 389 Ill. 434, the first three items are for educational purposes and defendant's objection to them should have been sustained. The collector urges, however, that they are within the contemplation of section 189, as amended by an act approved July 23, 1943, (Ill. Rev. Stat. 1943, chap. 122, par. 212,) which provides, in part, that "taxes levied for building purposes prior to and after the effective date of this amendatory act may until July 1, 1945, be used for educational purposes in such amounts as the governing body of any school district may determine, if the governing body determines that it is for the best interests of such district to do so, and that such funds will not be needed for building purposes. Such determination shall be made by resolution of the governing body prior to the adoption of its budget for any fiscal year." It will be observed that the statutory provision upon which the collector relies prescribes the determination that taxes levied for building purposes may be used for educational purposes shall be made by resolution of the governing body prior to the adoption of its budget for any fiscal year. The record fails to show compliance by the school district with the statutory provisions upon which the collector places reliance. The question is not what the school district could do with funds collected but not needed for building purposes but is, instead, whether the appropriation items for building purposes and the resultant levy were proper in the first instance.

It appears that the trial judge sustained defendant's objection to the item of $2000 for contingencies to the extent of $1000. This, the county court lacked authority to do. The item was valid or invalid *in toto*. The necessity for an assessment of a relatively small amount for

contingent or miscellaneous expenses is well recognized. (*People ex rel. Goodman* v. *Wabash Railroad Co.* 395 Ill. 520.) The amount of a levy for contingent expense must rest in the sound discretion of the taxing body. (*People ex rel. Oller* v. *New York Central Railroad Co.* 388 Ill. 382.) Judicial notice will be taken of the size and population of the municipality making the levy in determining whether, in view of its wealth and population, a tax levy for contingent purposes is an unreasonable amount to be levied under the general designation of "contingent expense," or other similar general designation. (*People* v. *Wabash Railroad Co.* 395 Ill. 520.) Tested in the light of these principles, the item of $2000 for contingent expenses was excessive. Defendant's objection to this item should have been sustained.

Defendant's objection against items in the levy ordinance of the village of Brooklyn for general corporate purposes, playground and recreation purposes is that the ordinance does not specify in detail the purposes for which the appropriations were made and the amount appropriated for each purpose, as required by statute. (Ill. Rev. Stat. 1943, chap. 24, par. 16-1.) The agreed statement of facts states that the certified copy of the 1944 levy ordinance only sets out the amount levied for each object and purpose and does not set out the amounts appropriated therefor. The objection should have been sustained.

The judgment of the county court of St. Clair county is affirmed in part, and reversed in part, and the cause remanded to that court with directions to enter judgment in accordance with the views expressed in this opinion.

*Affirmed in part and reversed in part and remanded, with directions.*