(No. 30825.—

CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Appellant, *vs.* CLAY LAWLESS, County Collector, Appellee.

*Opinion filed November 18, 1948.*

JOHN J. INGHRAM, of Quincy, and STEVENS & HERNDON, (ELMER NAFZIGER, of counsel,) both of Springfield, for appellant.

JOHN T. REARDON, State's Attorney, and LANCASTER & NICHOLS, (PAUL B. NICHOLS, of counsel,) all of Quincy, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Central Illinois Public Service Company, brought an action in the county court of Adams County against the defendant, the county treasurer and ex-officio collector, seeking the return of personal property taxes for the year 1946 paid under protest. Of the numerous objections in plaintiff's amended petition, two pertain to the 1946 tax levy of School District 172 for building purposes. Plaintiff objected to the inclusion in the building-fund levy of items for janitors' salaries, new fixed equipment and insurance and also asserted that the tax for building purposes was extended in excess of the maximum lawful rate. A motion to strike the amended petition was denied. In the alternative, defendant moved to strike the objection assailing improper items in the building-fund levy. Ruling on the motion was evidently reserved and the cause was heard on an agreed statement of facts. By its final judgment, the county court allowed many objections, sustained defendant's alternative motion and denied the remaining objections. Plaintiff prosecutes this appeal from only those parts of the judgment striking or denying its objections to the levy and extension of taxes of School District No. 172 for building purposes.

Items for janitors' salaries, new fixed equipment and insurance aggregated $93,710 out of a total levy of $288,460 for building purposes. The motion to strike the objection to these items was based on the procedural prerequisites of section 195½ of the Revenue Act, (Ill. Rev. Stat. 1947, chap. 120, par. 676a,) added in 1943. (Laws of 1943, p. 1099.) Section 195½ has not heretofore been presented to this court for consideration. It provides:

"Notwithstanding the provisions of Sections 194 and 195, no objection to any tax levied by any municipality upon either real or personal property shall be sustained by any court because of the forms of any budget or appropriation ordinance, or the degree of itemization or classification of items therein, or the reasonableness of any amount budgeted or appropriated thereby, if:

"1. A tentative budget and appropriation ordinance has been prepared at the direction of the governing body of such municipality and made conveniently available to public inspection for at least 30 days prior to the public hearing hereinafter specified and to final action thereon;

"2. At least one public hearing has been held by such governing body as to such tentative budget and appropriation ordinance prior to final action thereon, notice of which has been given by publication in a newspaper published in such municipality at least 30 days prior to the time of the hearing, or, if there is no newspaper published in such municipality, notice of such public hearing has been given by posting notice thereof in five of the most public places in such municipality; and

"3. The budget and appropriation ordinance finally adopted is substantially identical, as to the matters to which objection is made, with the tentative budget and appropriation ordinance submitted at such public hearing;

unless the taxpayer making the objection has made the same objection in writing and with the same specificity to the governing body of such municipality prior to the adoption of the budget and appropriation ordinance."

On stipulation, plaintiff admitted that the board of education of the school district had made its tentative appropriation ordinance available for at least thirty days prior to a public hearing; that a public hearing was held after due notice; that the tentative and final ordinances were substantially similar, and that neither it nor any other tax-

payer appeared at the hearing or presented any objections to the tentative appropriation prior to its adoption. On the other hand, defendant concedes that the items subsequently challenged were improperly included in the appropriation for building purposes and should have been set up in the levy for educational purposes. Unless the present objection is precluded by section 195½, the inclusion of items for janitors' salaries, new fixed equipment and insurance in the levy for building purposes was illegal and the objection should have been sustained. *People ex rel. Schlaeger* v. *Reilly Tar & Chemical Corp.* 389 Ill. 434; *People ex rel. Prindable* v. *New York Central Railroad Co.* 397 Ill. 50; *People ex rel. Schlaeger* v. *Richè,* 396 Ill. 85; *People ex rel. Goodman* v. *Wabash Railroad Co.* 395 Ill. 520.

Sections 194 and 195 of the Revenue Act require formal protests and payment of seventy-five per cent of real property taxes and all personal property taxes as conditions precedent to the recovery of taxes paid under protest. (Ill. Rev. Stat. 1947, chap. 120, pars. 675 and 676.) Similarly, section 195½ establishes a prior objection to the governing body of a municipality, under specified circumstances, as an additional condition precedent. Plaintiff simply contends that its objection to the items in the building-fund levy does not fall within the contemplation of the statute. By its own terms, section 195½ is limited to tax objections going to the form of the appropriation ordinance, the degree of itemization or classification of items, and the reasonableness of any amount appropriated. The present objection challenges neither the form of the ordinance nor the reasonableness of the sums appropriated. Since it attacks certain specified items as having been improperly included in the building fund instead of the educational fund, it is not a tax objection going to the degree of itemization or classification. The distinction between an erroneous classification of an item and an improper degree of

itemization or classification of an item is patent. In the first case, the item is properly itemized but included in the wrong fund, as here, while, in the second, the item is in the correct fund, but appears as a lump sum and is insufficiently itemized, classified or otherwise broken down to permit a full understanding of the purpose of the particular tax.

Defendant argues that the statute is remedial, that it was designed for the purpose of eliminating technical tax objections, and that it should receive a liberal construction. Defendant is unable, however, to point out any ambiguity in the statute, nor do we find any to exist. Giving the amendment a reasonable and common-sense construction, section 195½ embraces only those tax objections made to the form of the appropriation, the degree of itemization, or the reasonableness of any amount appropriated. It does not extend to the unlawful classification of an item in an inappropriate fund. The plain and unambiguous language of the statute admits of no other construction.

Defendant declares that since the municipality had the power to tax for the challenged items and could have included them in the educational fund without exceeding the legal rate for this fund for the year 1946, the items would have been transferred upon an objection timely made under the statute. The gist of the proposition contended for by defendant is that an illegal classification, as opposed to an improper degree of classification, of appropriation items is waived by failure to make a prior objection in accordance with the requirements of section 195½. The inherent dangers of this construction are readily discernible. Future tax objections to the illegal classification of appropriation items would have to be denied for failure of taxpayers to comply with the condition precedent, even where the taxing power for the fund in which the items should have properly appeared is exhausted, or even though the items were wholly unlawful and there was no appropriate fund

in which they could have been included. The statement of this proposition carries its own condemnation. We are not warranted, under the guise of statutory construction, in reading into the statute a provision resulting in the waiver of objections to the illegal classification of items.

Plaintiff's first objection to the levy for building purposes not being barred by section 195½ of the Revenue Act, the inclusion of items in the building-fund levy aggregating $93,710 for janitors' salaries, new fixed equipment and insurance was illegal and void, as conceded by defendant. (*People ex rel. Prindable* v. *New York Central Railroad Co.* 397 Ill. 50; *People ex rel. Schlaeger* v. *Reilly Tar & Chemical Corp.* 389 Ill. 434.) Having disposed of the first objection in favor of the taxpayer, it becomes unnecessary to decide the second contention, which was pleaded in the alternative. By its second objection, plaintiff attacked the building-fund levy of $288,460 as resulting in an extension of taxes at the excessive rate of .3111 per one hundred dollars of assessed valuation. The county court determined that the proper extendable rate was .27704, ruling that paragraphs 1 and 2 of section 162a of the Revenue Act (Ill. Rev. Stat. 1947, chap. 120, par. 643a,) were applicable. Urging that only paragraphs 3 and 4 of section 162a were applicable, plaintiff contends that the legal rate is .2221. A tax rate of .2221 would produce $213,822 in revenue. By excluding the three illegal items aggregating $93,710, the building-fund levy is reduced to $194,750. The extension of a tax of $194,750 results in an actual legal rate for 1946 of approximately .2023, a rate considerably lower than urged in the second objection. The objection is thus eliminated by our determination of the first issue.

The judgment of the county court of Adams County is reversed and the cause remanded, with directions to enter judgment in conformity with the views expressed in this opinion.

*Reversed and remanded, with directions.*